G. A. LINT, Appellee, v. SAM LINT, PETER LINT and J. H. LINT, Appellants.

**Malicious prosecution:** EVIDENCE. Where the plaintiff, in an action for malicious prosecution, was arrested and placed in jail, he may testify that he felt humiliated, mortified and disgraced by the accusation, arrest and prosecution for a crime of which he was not guilty.

**Same:** PROBABLE CAUSE: INSTRUCTIONS. An honest belief that plaintiff was guilty of the crime charged, based upon a knowledge of such facts and circumstances tending to show guilt as would lead

a reasonably prudent man to believe plaintiff guilty of the crime charged, will authorize a finding of probable cause for the prosecution; and where the instructions construed as a whole announced the above rule, a single paragraph on the subject stating that probable cause means such a state of facts and circumstances as would lead a careful and conscientious man to believe that plaintiff was guilty of the crime charged, was not prejudicial, as casting upon defendant a higher degree of care than should be imposed.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

WEDNESDAY, FEBRUARY 19, 1913.

ACTION to recover damages for malicious prosecution. Verdict and judgment for plaintiff. Defendants appeal. —*Affirmed.*

*Clark & Hutchison,* and *White & Clarke,* for appellants.

*Burton Russell,* and *J. L. Witmer,* for appellee.

GAYNOR, J.—It appears that on or about the 11th day of March, 1911, the defendant herein, Sam Lint, appeared before a justice of the peace in and for Polk county, signed and filed an information charging the plaintiff herein with the crime of forgery; that, upon the filing of said information before said justice, a warrant was issued by said justice for the arrest of this plaintiff; that the plaintiff was arrested and placed in the Polk county jail; that thereafter the plaintiff gave bail and was released; that subsequently, upon hearing had upon the said charge, the plaintiff herein was discharged, and the plaintiff now brings this action to recover damages from the defendants alleging that the accusation against him was false and malicious and without any probable cause therefor. The plaintiff further claims that the other defendants, Peter Lint and J. H. Lint, conspired

and confederated together with the said Sam Lint in the making of said charge, and with the intent of falsely and maliciously prosecuting the plaintiff upon said charge, without any probable cause for believing the plaintiff guilty of said charge. The defendants answered the plaintiff's petition in this cause, and in their answers admit that an information was filed by Sam Lint, charging the plaintiff with the crime of forgery; that a warrant was issued thereon and plaintiff arrested; that a preliminary hearing was had before the justice upon said charge and the plaintiff discharged. The defendants deny each and every other allegation. A trial was had upon the issue, so joined, to a jury, and a verdict rendered therein in favor of the plaintiff against all the defendants for the sum of $600, and the defendants appealed.

The defendants, being appellants herein, complain of the action of the court in allowing plaintiff to testify as to his feelings and to the effect upon his feelings of the arrest and incarceration in the public jail, and in permitting plaintiff to state, over the objection of defendants, that "it hurt him to think he was arrested for something he had not done and to be accused of something he was not guilty of, that he felt humiliated and disgraced and mortified on account of the prosecution," and the objection to this testimony is made and urged on the ground that it was a question for the jury to decide, and not for the plaintiff, as to the effect the prosecution had upon his feelings; that the plaintiff might have been peculiarly sensitive, or he might have a disposition that would cause him to be little, if at all, affected by the arrest and prosecution; that it might be a fact that the plaintiff was very touchy and sensitive and was easily affected by such small matters as being arrested and thrown into jail, whereas a man of ordinary sensitiveness would not have experienced these feelings of mortification, humiliation, and disgrace; and that the jury should be allowed to determine, from all the facts and circumstances of the case, without any revelation from the

1. MALICIOUS
PROSECUTION:
evidence.

plaintiff as to how he actually felt, what would be the experience and feeling of a man of ordinary sensibilities under the circumstances in which plaintiff was placed, and base their judgment on that, in fixing the amount of damages, unaided by the statement of the plaintiff as to how it affected him.  This question, however, has been decided by this court in *Flam v. Lee,* 116 Iowa, 289, in which it was said:

We know of no rule of law which prohibits a plaintiff from attempting to describe his mental suffering while in custody.  It is true, perhaps, the jury may properly be left to infer such sufferings from the circumstances of his situation, and it is true that the average witness finds it difficult to describe his mental condition in apt terms.  But it does not follow that such description, when made, is not proper in evidence.  If a man who has been wrongfully prosecuted for crime feels a sense of shame and humiliation that such a charge should be laid at his door, or that he has been disgraced in the eyes of his neighbors and friends, or is tormented with fear that his incarceration may bring sorrow and disgrace to his home, we think he should be permitted to say it.

It is next urged by the appellant in its statement of what constitutes probable cause that the court erred, in this, that it said to the jury in the second instruction: " 'Probable cause,' as used in these instructions, means such a state of facts and circumstances as would lead a careful and conscientious man to believe that the plaintiff was guilty of the crime charged."  And it is urged that this definition places a greater burden upon one filing a charge of this kind and a higher degree of care than should be imposed, and the appellant relies upon *Flackler v. Novak,* 94 Iowa, 634, and perhaps appellant's contention would be right if that were all of the instruction; but, immediately following this statement of what constitutes probable cause appears what is conceded to be a correct statement of the law, to wit: "If

2. SAME: probable cause: instructions.

the defendant honestly believed that plaintiff was guilty of the crime charged, and such belief was based on knowledge of such facts and circumstances, tending to show guilt, as would cause an ordinarily reasonable and prudent man to believe plaintiff guilty of the crime charged, the jury should find there was probable cause for the prosecution, and, in the event of such finding, then the jury should return a verdict for the defendant.'' And in the third instruction the court said to the jury again: ''Probable cause for the institution of criminal proceedings against a party, does not depend upon the question of whether or not the person so prosecuted was actually guilty of the crime, but it is a question whether or not an ordinarily prudent and careful man under the facts as they appear to be, in the exercise of reasonable care to ascertain the facts, and from the knowledge or honest beliefs of the facts then had, would be justified in an honest belief that a crime had been committed and the person accused guilty of such crime.'' These instructions must be taken together, and we think the error, if any, complained of, was without prejudice. In support of this, see *Jenkins v. Gilligan*, 131 Iowa, 176.

It is next contended that the court erred in submitting to the jury the question of the liability of the defendants J. H. Lint and Peter Lint, on the ground that there was no evidence that would justify submitting that question, and no evidence that would justify the jury in returning a verdict against them, and that the verdict against them is contrary to the instructions of the court and contrary to the evidence. We have examined the record with some care upon this point and are satisfied that there is enough appearing in the record to justify the court in submitting the question to the jury. We find no error in the manner of the submission. There is evidence upon which the jury might well have found against these defendants, and, having found against these defendants, and, having found against them upon that evidence, we have no concern with their finding.

No error appearing in the record, the judgment is *Affirmed.*