SARAH J. ATKINSON *vs.* MARGARET BIRMINGHAM *et al.*

MARCH 10, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Malicious Prosecution.*

In an action for malicious prosecution, a plaintiff must establish by a preponderance of the evidence that defendant caused or assisted in causing the criminal prosecution to be instituted against him; therefore in a joint action, a verdict was properly directed for a defendant who simply reported truthfully facts to the police authorities and a defendant police officer who reported by direction of his superior officer the result of his interviews with plaintiff and other witnesses.

*(2) Malicious Prosecution.*

To warrant recovery in an action for malicious prosecution plaintiff must establish by a preponderance of the evidence that in prosecuting him, defendant was acting without probable cause and *also* with malice toward him, and while the question of malice is ordinarily for the determination of the jury, it should not be submitted to them, in the absence of facts which would warrant a finding of malice.

*(3) Larceny. Lost Property.*

To render a finder of lost property guilty of larceny the finder must appropriate the same to his own use at the time of finding, when at that time he knows who the owner is, or has the immediate means of ascertaining that fact. If for the first time the finder learns the identity of the owner sub-

sequent to the finding and then denies the finding, or refuses to deliver the· property to the owner, such finder may be civilly liable for conversion, but· is not guilty of larceny.

*(4)  Malicious Prosecution.    Probable Cause.    Malice.*

While malice may be inferred from want of probable cause, this inference: cannot be permitted, when the evidence showing a lack of probable cause· also shows the absence of both ill-will and oppression.

STEARNS AND SWEENEY, JJ., dissenting.

TRESPASS ON THE CASE for malicious prosecution. Heard on exceptions of plaintiff and overruled.

SWEETLAND, C. J.   This is an action of trespass upon the· case for the alleged malicious prosecution of the plaintiff by the defendants Margaret Birmingham, James J. Costigan, a Captain of Police of Providence, and George M. Hind-marsh, a police officer of said city.

The case was tried in the Superior Court before Mr. Justice BROWN sitting with a jury.   At the conclusion of· the evidence said justice upon motion of the defendants· directed a verdict in their favor.   The cause is before us· upon the plaintiff's exception to this action of said justice. In her bill the plaintiff has included exceptions to other· rulings of said justice made in the course of the trial.   The· plaintiff has not pressed before us the exceptions last mentioned.   As the rulings, to which such exceptions were· taken, did not affect the verdict directed, we assume that the plaintiff has abandoned them.

By the uncontradicted evidence presented at the trial the· following facts appear.   On the afternoon of December 4, 1918, while walking westerly towards Prairie avenue along· the northerly sidewalk on Chester avenue in Providence, the· defendant Margaret Birmingham lost from her open hand-bag a five dollar bill and a two dollar bill folded together. A little later the plaintiff, Sarah J. Atkinson, while walking· easterly on said sidewalk saw some paper money lying on the ground, picked it up, and said to the witness Crown, who was present, that the money was hers.   Later the· defendant Birmingham while searching along Chester· avenue learned from the witness Todd that the plaintiff had.

found some money on the sidewalk. The defendant Birmingham then went to the plaintiff's house and demanded that the plaintiff deliver to her seven dollars, the amount which she had lost. The plaintiff offered to turn over to the defendant Birmingham two dollars which the plaintiff claimed was all that she had found. The defendant Birmingham reported her loss and the facts which she had learned to the defendant Costigan, who was Captain of the police precinct in which Chester avenue is situated. The defendant Costigan directed his subordinate, the defendant Hindmarsh, to interview the plaintiff, in company with Mrs. Birmingham, and later he directed said Hindmarsh, in company with another subordinate officer, named Griffin, to interview the witness Crown who was present at the time the plaintiff picked up the money on Chester avenue, and also to interview the witness Todd, who saw the plaintiff pick up money from the sidewalk. The defendant Hindmarsh and Officer Griffin reported to Captain Costigan the result of their interviews with the witnesses Crown and Todd to the effect that Crown said he saw Mrs. Atkinson pick up bills folded together and that there was more than one bill, that the witness Todd said that on the afternoon in question while she was sitting at a window of her house overlooking Chester avenue she saw the plaintiff pick up money lying on the sidewalk; that Mrs. Atkinson unfolded the money and she saw that there was more than one bill. Captain Costigan, himself, interviewed Mrs. Todd who repeated the same story that Hindmarsh and Griffin had reported. He also interviewed the plaintiff, who denied that she had found more than a two dollar bill and expressed her willingness to deliver that to the defendant Birmingham . Captain Costigan then reported the above facts to the Deputy Chief of Police and requested that a criminal complaint be made against the plaintiff charging her with the larceny of seven dollars from Mrs. Birmingham. Upon the complaint of the Deputy Chief, the District Court of the Sixth Judicial District issued its warrant, the plaintiff

was arraigned upon the complaint, pleaded not guilty, and was tried. Upon trial the plaintiff was found not guilty by the district court, and thereafter she commenced this action against said Birmingham, Costigan and Hindmarsh to recover damages for her alleged malicious prosecution by them.

In order to recover against either of these defendants the plaintiff must establish by a preponderance of evidence that such defendant caused or assisted in causing said criminal prosecution to be instituted against her. As to the defendant Birmingham it appears that she truthfully reported the facts within her knowledge to Captain Costigan and that she neither induced nor requested the police authorities to commence said criminal proceeding, nor assisted in its prosecution save that when summoned by the police she testified as a witness for the complainant. As to the defendant Hindmarsh it appears that his sole connection with the matter was to follow the direction of his superior officer and report to such superior officer the result of his interviews with the plaintiff and the witnesses Crown and Todd and later when summoned as a witness he testified as to such interviews. The justice was clearly warranted in ruling that there was no evidence before the jury that either of the defendants Birmingham and Hindmarsh had procured or had assisted in procuring the criminal prosecution of the plaintiff or had recommended or requested the same. There was no error in the ruling of said justice directing a verdict in favor of the defendants Birmingham and Hindmarsh.

With reference to the defendant Costigan it must be held that he was mainly responsible for the prosecution of the plaintiff. Hereafter in this opinion he will be referred to as "the defendant." In accordance with the practice of the Providence Police Department a criminal complaint instituted by the police is ordinarily preferred by the Deputy Chief of Police after consultation with and upon recommendation of the Captain of Police in whose precinct the

alleged offence has been committed and who has made an investigation of the matter. The complaint against the plaintiff was formally made and sworn to by the Deputy Chief after he had been informed of the facts relied upon by the defendant and had approved of the defendant's conclusion. But the Deputy Chief was induced to act by reason of the recommendation and request of the defendant.

To warrant holding the defendant liable in this action, the plaintiff must establish by a preponderance of evidence that in prosecuting her upon the charge of larceny the defendant was acting without probable cause and also with malice toward her. From his investigation and the reports received from the investigations of his subordinate officers the defendant might not unreasonably believe that the money which the plaintiff found belonged to the defendant Birmingham; that she found a five dollar bill as well as a two dollar bill; that at the time of finding the money she had the intention of appropriating it, at least until she discovered the owner, and that when the money was demanded of her by the owner the plaintiff persisted in her intention of appropriating five dollars of the amount. These facts alone however did not constitute probable cause for the charge of larceny against the plaintiff.

To render the finder of lost property guilty of larceny such finder must appropriate the same to his own use at the time of finding, when at that time he knows who the owner is or has the immediate means of ascertaining that fact. If for the first time the finder learns the identity of the owner subsequent to the finding and then denies the finding or refuses to deliver the property to the owner such finder may be civilly liable for conversion but is not guilty of the crime of larceny; for in such circumstances the finder is held not to have taken and carried away the lost property, feloniously, from the actual or constructive possession of the owner. There is no evidence that the plaintiff at the time of the finding knew who was the owner of the money which she picked up and the circumstances indicate that

she did not. The owner was not in sight. There was no mark upon the money and at the time the plaintiff was clearly without means of ascertaining the owner. In such circumstances the original taking of the money was not felonious and the plaintiff was not guilty of larceny. It must be held therefore that the facts in the possession of the defendant did not furnish ground for the opinion that the plaintiff was guilty of larceny. There was a lack of probable cause for instituting the criminal proceeding against the plaintiff. The defendant and his superior officers were acting under a misapprehension as to the facts and circumstances which in law constitute the crime of larceny in the finder of lost property. From the evidence it is plain that they erroneously, though honestly, believed that the finder's refusal to deliver the lost property to the owner upon demand amounted to the larceny of such property.

Although the defendant caused the prosecution of the plaintiff without probable cause there is an entire lack of evidence that in so doing he was acting with malice toward her. The question of malice is ordinarily for the determination of the jury; but that question should not be submitted to them in the absence of facts which would warrant a finding of malice.

It is frequently said that the action of malicious prosecution is not favored in the law. Probably no form of action at law can be said to be a favored one, or one which can be successfully maintained without sufficient proof of its essential elements. This court has approved the principle that public policy requires the protection of those who in good faith and upon reasonable ground have instituted criminal proceedings. *Fox* v. *Smith*, 25 R. I. 255. This perhaps amounts to no more than saying that no one shall be found liable in this form of action for instituting a criminal prosecution unless it is made to appear clearly that he acted without probable cause and with malice. Any favorable view however which the law is inclined to take with refer-

ence to the acts of those who commence criminal prosecutions surely should be applied to the acts of peace officers who are charged with the duty of protecting the persons and property of citizens and maintaining good order in the community.  A captain of police, however, cannot escape liability if he acts without probable cause and with ill-will or with a wanton disregard of the rights of others.  There is no evidence of ill-will on the part of the defendant toward the plaintiff.  Before this matter arose he had never seen or heard of either the plaintiff or Mrs. Birmingham.  His conduct toward the plaintiff was neither reckless nor oppressive.  He did not act until after reasonable investigation and then in accordance with what he believed to be a public duty.  He did not cause the arrest of the plaintiff but gave her ample notice that she might procure bail and voluntarily appear before the district court, there to be apprehended, arraigned and released upon entering into a recognizance for her appearance for trial.

As a result of his investigation the defendant might conclude that the plaintiff had found and still had in her possession the seven dollars lost by Mrs. Birmingham.  He then acted upon his erroneous theory as to the law, *i. e.*, if the plaintiff persisted in retaining the seven dollars after the owner had been disclosed to her and had demanded the delivery of the money, she thereby committed the crime of larceny.  The defendant testified that he informed the plaintiff that if she did not return the money he should proceed against her for larceny and he further testified that he commenced the criminal proceeding because the plaintiff did not return to Mrs. Birmingham the money which the plaintiff had found.  This conduct on the part of the defendant does not warrant an application of the doctrine that malice is shown if it appears that criminal proceedings have been instituted for the private purpose of collecting a debt or enforcing a civil claim and not for the purpose of vindicating the law.  It is perfectly plain that the defendant throughout was acting without private interest and in

the performance of what he in good faith regarded as his public duty. His conduct as indicated by his testimony, to. which we have just referred, is consistent with such purpose. In the defendant's view the crime of larceny was committed by the plaintiff only in the event that she retained the money after demand by the owner. His statement to the plaintiff was in accordance with that view. In effect the defendant told the plaintiff that if she did not deliver the money to the owner she would be guilty of larceny, and if she persisted in her refusal he should be obliged to charge her with that offence. The act of the defendant was intended in support of the law and not for the collection of a private debt.

(4) The doctrine is established that malice may be inferred from a want of probable cause. This inference can not be permitted however when the evidence showing a lack of probable cause also shows the absence of both ill-will and oppression.

For the reasons which we have indicated above we find that although there was an absence of probable cause for the criminal prosecution of the plaintiff, there is no evidence that the defendant Costigan acted with malice toward her.

The plaintiff's exception is overruled. The case is remitted to the Superior Court for the entry of judgment on the verdict.

STEARNS, J., dissenting. It is agreed that there was no probable cause for the criminal proceeding. The trial justice directed a verdict for the defendants on the ground that there was probable cause. This action was erroneous. The trial justice did not rule on the question of malice which was not material if there was probable cause. The plaintiff having established want of probable cause is entitled to recover in her action of malicious prosecution upon proof of either actual malice or malice implied in law, or, as it is sometimes called, constructive malice.

Plaintiff is a married woman of good reputation who has lived in Providence for a number of years. The defendant

Costigan, who is a police captain in the city of Providence, knew all of the facts of the case, before he began the criminal proceeding. No crime had been committed and the plaintiff asserted her innocence. Captain Costigan then threatened plaintiff with a criminal prosecution unless she paid to the defendant Birmingham the seven dollars which the latter claimed she had lost. Upon plaintiff's refusal to do as directed, the criminal proceeding was begun.

Without any further consideration of the testimony, I think this action of the officer is a sufficient basis to warrant a jury in finding the existence of malice. It was an attempt to coerce plaintiff and a threat to use the machinery of the criminal law by a public officer to enforce the collection of a civil and individual claim. It may be that a jury, in view of the circumstances, might refuse to compel defendant Costigan to pay damages to plaintiff; but plaintiff, in my judgment, has the right to submit her case to a jury. The question on the direction of a verdict is not one in regard to the weight of the evidence of malice but rather, is there any evidence of malice; if there *is*, it is a question for the jury in the first instance, and is not a question of law.

The case against the defendant Costigan should be submitted to a jury. Plaintiff does not urge the case against the other defendants very strongly and with reason as there is but little evidence against them.

Plaintiff's exception to the action of the trial justice in directing a verdict for defendant Costigan should be sustained and the case should be remitted to the Superior Court for a new trial as to him.

I am authorized to state that Mr. Justice SWEENEY concurs in this opinion.

*Charles R. Easton*, for plaintiff.

*Washington R. Prescott*, for defendant Birmingham.

*Elmer S. Chace, City Solicitor,* for defendants Costigan and Hindmarsh. *Henry C. Cram, Oscar L. Heltzen, Ellis L. Yatman, Assistant City Solicitors,* of counsel.