RUTH KIRKPATRICK, unmarried, v. H. T. PARKER.

187 So. 620.
Division B.
Opinion Filed March 14, 1939.

590

*Rogers, Hazard & Thames* and *Gorden McCauley,* for Plaintiff in Error;

*L. R. Milton,* for Defendant in Error.

692

694

Whitfield, P. J.—The writ of error herein was taken to a final judgment for the defendant below, rendered on a demurrer sustained to a declaration claiming damages in tort for alleged seduction brought by an adult widow, the mother of two children.

"At common law a seduced woman has no cause of action against her seducer since she is a party to the wrongful act * * * ; but it has been held that, even in the absence of any modification of the common law, peculiar circumstances may be sufficient to sustain the action." 51 C. J. 11.

Such peculiar circumstances may consist of force, duress, or overpowering control or influence successfully used to seduce.

The declaration in effect alleges that plaintiff was induced by the arts, persuasions and misrepresentations of the defendant to consent that he might have carnal intercourse with her all during the time from February 15, 1930, up to or on about July 1, 1935, while plaintiff was unmarried and of full age. It is alleged that she was induced to consent to his desires, but it is not alleged that force, duress or other overpowering means were used by defendant or that she was not of normal mentality or unable to resist his demands or that she was under his influence or protection as his servant or employee, or any other matter showing her lack of capacity or freedom to consent or refuse at her pleasure. She does allege that she was destitute of means of support, but she also alleges she was at that time occupying a position as saleswoman at a large department store in a city. No fiduciary, guardianship or family relation between the plaintiff and defendant is alleged. See the declaration in the statement.

In a seduction action brought by an adult woman, the declaration must allege facts to show she was not *in pari delicto* with the alleged seducing defendant, as by alleging

force, duress, or overpowering control of the defendant over her by reason of a fiduciary, family, employee or other relationship which put the plaintiff at a physical or mental or relationship disadvantage.

The common law doctrine and the statutory provisions relative to the seduction of female persons under twenty-one years of age are not pertinent to facts of this case and will not be discussed here. See Shaw v. Fletcher, filed at this term.

By the common law of England in force in Florida, Section 87 (71) C. G. L., an adult woman has no cause of action for her seduction unless it is duly alleged in effect that the defendant committed a tortuous trespass upon her person in which she was not *particeps criminis* or *in pari delicto*.

There is no statute in Florida changing the common law rule as to civil actions for seduction of adult females.

The essential question presented is whether an adult widow has stated a cause of action to recover damages for her seduction when the declaration alleges that she was induced by the arts, persuasions and misrepresentations of the defendant to consent that he might have carnal intercourse with her, and that all during a period of more than five years while plaintiff was unmarried and of full age, defendant did seduce, debauch and have carnal intercourse with her. There are allegations of fraud, deceit and misrepresentations, but no direct allegations of undue influence, force, duress or other overpowering influence or dominating or fiduciary control over her by the defendant, and there is no direct allegation that the defendant *promised* to marry the plaintiff, or that she consented to marry him or that they were engaged to be married, to show a breach of promise of marriage and damages resulting therefrom. Nor is it alleged that the plaintiff incurred expenses or

losses because of his unlawful relations with her without her consent and against her will under circumstances in which she was physically or mentally not able to protect herself against the accomplishment of his desires on her person. No actionable fraud is alleged on the facts of the case. Nor is a tortuous trespass upon plaintiff's person alleged, in which she was not *particeps criminis* or *in pari delicto*. This action is in tort for alleged seduction of the adult plaintiff, and not an action for breach of a promise to marry plaintiff. See Paul v. Frazier, 5 Mass. 71.

Defendant's relations with plaintiff for more than five years, as alleged by her, could not have existed without her consent, she being a normal woman and mother of two children; and in the absence of allegations of force, fear, duress or other overpowering relations of employer and employee, guardian and ward, or other relation that would give him a controlling advantage over her, she cannot in law justify her acquiescence in the relation alleged by her to have existed for a long period of time, so as to relieve her of being *particeps criminis* or *in pari delicto,* and to give her a right of action against the defendant to recover damages for "loss of virtue and of character and of peace of mind; and greatly injured health" when there are no allegations of injuries to her or her property rights by his unlawful conduct towards her in any matters in which she was not *in pari delicto* with him in the relation complained of. The allegations of the second count of the declaration shown in the statement are somewhat different from the first count, but neither count states a cause of action under the common law in force in Florida.

The statutes of Florida make both parties equally guilty in fornication or living in an open state of adultery, or lewd and lascivious cohabitation. See Secs. 5749 (5406), 7550

(5407), 7551 (5408) C. G. L. See also 2 Corpus Juris Secundum 477.

As·the plaintiff has not stated a cause of action, it is not necessary to consider the statute which authorizes actions to be maintained in the name of the real party in interest. Sec. 4201 (2561) C. G. L. The statute does not create causes of action, but merely authorizes actions to be maintained in the name of the real party in interest instead of in the name of a fictitious or formal party, where there is a cause of action. See First Nat'l. Bank v. Perkins, 81 Fla. 341, 87 So. 912; Marianna Lime Products Co. v. McKay, 109 Fla. 275, 147 So. 264; 20 R. C. L. 665; Woodbury v. Tampa Water Wks. Co., 57 Fla. 249, 49 So. 556; 21 L. R. A. (N. S.) 1034.

Section 4 of the Declaration of Rights of the Florida Constitution merely requires the courts of the State to be open for the administration of right and justice by due course of law, and does not create new causes of action, though it does not prohibit the creation of new causes of action by due course of law.

In Hood v. Sudderth, 111 N. C. 215, 16 S. E. 397, relied on by plaintiff in error, the action was "for damages for breach of promise of marriage and for the seduction of plaintiff." The plaintiff was "an inmate of the home of the defendant, and a dependent and employee of his mother" and "it is alleged that the defendant and plaintiff being engaged to be married to each other, the former repeatedly solicited sexual intercourse, saying that they would soon be married." She became pregnant and he refused to marry her. The court sustained the action under a statute allowing an action "to recover damages for fraud and deceit" as well as "for breach of promise to marry with the aggrava-tion of seduction."

In this case there is no direct allegation that the defendant

promised to marry plaintiff or that the plaintiff and defendant were engaged to be married, or that the plaintiff was an inmate of defendant's home and thereby placed at a disadvantage.

Other cases cited by plaintiff in error are clearly distinguishable from this case which does not state a cause of action for seduction under the laws of Florida, the plaintiff being an adult widow, the mother of two children, and saleswoman in a large department store, and permitted the illegal relation to exist for several years. It is not alleged that the defendant had any fiduciary, family, guardianship, employment or other relation towards plaintiff which gave him a controlling advantage over her, or that duress, force or overpowering influence or control were used in accomplishing her seduction.

In each count of the declaration it is alleged that "especially owing to her state of dependence and subjection to defendant, she was induced by the arts, persuasions and misrepresentations of the defendant to consent that he might have carnal intercourse with her." She alleges she was of full age, a widow having two children, and was employed as a saleswoman in a large department store, and no facts are alleged to show she was in a "state of dependence and subjection to defendant." No relation of family, guardianship, employment, fiduciary or otherwise between plaintiff and defendant to give him undue advantage over her is stated, and no duress, force or control over her is alleged. There are no allegations to show she was not *in pari delicto* with the defendant but only *in delicto,* in her unlawful personal relations which she alleges she had with the defendant during a period of more than five years "while she was unmarried and of full age." Assuming that the doctrine of a distinction between *in delicto* and *in pari delicto* is applicable in seduction cases where the defendant

had an undue advantage over the plaintiff, it is not shown by the facts alleged, to be applicable in this case where no duress, force, fiduciary relation or control is alleged to have overcome the adult woman's will.

AFFIRMED.

BROWN, and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in the opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.