MARILYN J. STEIGMAN v. RAYMOND BELLER

SUPERIOR COURT    WINDHAM COUNTY    FILE No. 9406

Memorandum filed February 1, 1950.

*Jay E. Rubinow,* of Manchester, for the Plaintiff.
*Irwin I. Krug,* of Willimantic, for the Defendant.

KING, J. The plaintiff, an adult female, sues the defendant in two counts. The first count sounds in contract and claims damages for breach of promise to marry. The second count sounds in tort and claims damages for seduction. The second count, to which, alone, the defendant demurs, alleges that "the defendant seduced the plaintiff, he promising to marry her, and she being induced by the said promise." The demurrer is on the ground that in the absence of special circumstances, and none are here alleged, a woman cannot herself maintain a civil action in tort for damages for her own seduction.

A dictum in *Smith* v. *Richards,* 29 Conn. 232, 240, is in complete accord with the claims of the defendant herein that such an action cannot be maintained at common law except under special circumstances. The authorities generally are in accord. 47 Am. Jur. 669; *Fearon* v. *Treanor,* 272 N. Y. 268, 271, 109 A. L. R. 1229; note, 121 A. L. R. 1487, 1488.

There were two main reasons why such an action was not maintainable at common law: (1) an essential element of such a cause of action was a loss of services which could not exist where the plaintiff was the seduced party (see Practice Book, Form 278) and (2) a plaintiff in such an action would be a particeps criminis, seeking a reward of money damages for her own criminal misconduct. Note, 121 A. L. R. 1488.

Neither force nor any other special circumstances are here alleged to take the case out of the general common-law rule and the plaintiff does not claim that there is any applicable statute changing that rule.

The plaintiff's claim that the defendant has the burden of pleading facts showing that the general rule is applicable is without merit. Just as illegality not apparent on the face of the pleadings must be alleged (Practice Book § 104), so legality not apparent on the face of the pleadings must be alleged. *Kirkpatrick* v. *Parker,* 136 Fla. 689, 697, 700, 121 A. L. R. 1481, and annotation thereto..

Of course nothing herein in any way passes upon the plaintiff's right to recover for seduction, as an element of damage, under the contract action in the first count. 8 Am. Jur. 868, § 28; *Hattin* v. *Chapman,* 46 Conn. 607, 608.

For the foregoing reasons, the defendant's demurrer to the second count of the plaintiff's complaint is sustained.