118 So.2d 101 (1960)
Carl WILSON, Appellant,
v.
Truby O'NEAL, Appellee.
No. B-6.
District Court of Appeal of Florida. First District.
February 9, 1960.
Rehearing Denied March 2, 1960.
*102 Edward H. Robinson, Jacksonville, and Sam Pasco, Tallahassee, for appellant.
J.B. Hodges, A.K. Black, Lake City, and John H. McCormick, White Springs, for appellee.
CARROLL, DONALD K., Judge
The defendant has appealed from a judgment against him entered by the Circuit Court for Columbia County in the amount of $5,000 plus costs and also from orders of the court taxing costs and denying his motions for a new trial and for a judgment non obstante veredicto
The first count of the second amended complaint, on which the case was tried, alleged in substance that the defendant was employed by the State Beverage Department of Florida; that on February 16, 1955, the defendant made an affidavit before the Honorable R.H. Rowe, a Circuit Judge, in the County Judge's Court of Columbia County stating that three days before the plaintiff sold and delivered to the defendant a pint of a beverage containing more than 1% of alcohol by weight and at said time the plaintiff did not hold a license from the State of Florida permitting the said sale; that pursuant to the said affidavit, a warrant was issued and served upon the plaintiff by the Sheriff of Columbia County, whereupon it became necessary for the plaintiff to post bond in the amount of $150 and retain the services of his attorney to defend him *103 against the charges; that on March 14, 1955, when the case was called for trial, the plaintiff was present with his attorney before the County Judge of Columbia County, whereupon the defendant admitted that the plaintiff was not the person intended to be prosecuted but was in truth the wrong person, and the County Judge then caused the plaintiff to be released from custody and fully discharged of the supposed offense, the case being non-prossed upon motion of the State; that the defendant was guilty of the negligence alleged in paragraph 5 quoted below; that as a result thereof the plaintiff suffered divers damages, including humiliation, embarrassment, anxiety of body and mind, losses in his business, and damage to his credit, circumstances, and reputation in the community.
Paragraph 5 of the count charged the following as constituting the negligence of the defendant:
"By reason whereof, the plaintiff charges that the defendant, Carl Wilson, having accused plaintiff, causing him to be brought to trial as aforesaid, thereby carelessly and negligently performed his duties as an employee of the State Beverage Department of Florida, and failed to perform faithfully his duties by virtue of his position or employment as aforesaid, in that he failed to make due inquiry to determine the identity of the person intended to be prosecuted."
The trial court denied the defendant's motion to dismiss the first count, but granted the motion as to a second count, which had claimed punitive damages because the defendant "so grossly negligently and carelessly failed to make due inquiry of the person intended to be prosecuted * * *."
In his answer to the first count the defendant-appellant included as his fifth defense his denial of the negligence alleged in paragraph 5 of the count and also included the following allegation:
"In answer to said paragraph (5) of said complaint defendant alleges that on February 13, 1955 he purchased one pint of alcoholic beverage containing more than 1% alcohol by weight, from a taxi driver in Lake City, Columbia County, Florida, in the proper performance of his duties as an employee of the State Beverage Department of Florida, that he had no knowledge of the identity of said taxi driver, that he made due inquiry from a reputable citizen of Lake City, Florida, of the name of said taxi driver, giving the number of the cab and a full description of the driver including his manner of speaking that the said reputable citizen thereupon informed the defendant that said driver was the plaintiff, and that the defendant acting on said information, with no malice toward the plaintiff, made the affidavit described in paragraph (2) of said complaint in the proper performance of the duties of his said employment."
This quoted language was later stricken by the trial court on motion of the plaintiff. In his answer the defendant also denied the damages alleged in the first count.
The overriding question in both the trial court and this court is whether any cause of action has been alleged and proved in this case. This is a difficult question to answer because, as the trial court pointed out, this seems to be a case of first impression in Florida, at least so far as the plaintiff's theory of recovery is concerned. Apparently the trial court sustained the cause of action on the following theory, as stated in one of the orders appealed from, denying the defendant's motion for a new trial:
"So far as the Court is concerned, this case, foundationed as it was, is a case of first impression, for the Court has been unable to find any appellate expression on an identical question of this kind in our State, but we do have the guarantee of the Bill of Rights, *104 that `For every wrong, there is a remedy.'"
While the ideal of "no wrong without a remedy" is widely regarded as a correct principle in this country, no support for it can be found in our jurisprudence as a universal rule. As Mr. Justice Terrell, speaking for the Supreme Court of Florida, said in Holland v. Mayes, 1944, 155 Fla. 129, 19 So.2d 709, 711:
"When we commenced the study of law, we were early confronted with the maxim; For every wrong there is a remedy. Section Four of our Declaration of Rights, in providing that the courts shall be open at all times to speedily avenge wrongs to person or property, was designed to give life and vitality to this maxim. We are not unmindful that contributory negligence, assumption of risk, and perhaps other common-law doctrines have subtracted from remedies that were designed to impair wrongs; at the same time many of these have been abandoned and the tendency of the law at the present is to modify or abandon them in the interest of the person injured. In some fields, noteworthy that of workmen's compensation, the legislature has declared it to be the policy that the public should help bear the burden of wrongs or injuries to the individual which occur in line of duty."
Our Supreme Court has pointed out that Section 4 of the Declaration of Rights of the Florida Constitution, F.S.A. (which provides in part "All courts in this State shall be open, so that every person for any injury done him * * * shall have remedy, by due course of law * * *.") does not have the effect of creating new causes of action. See Kirkpatrick v. Parker, 1939, 136 Fla. 689, 187 So. 620, 121 A.L.R. 1481.
The parties to this appeal in their briefs and argument have called our attention to no case, and our independent research has uncovered none, in which a court has sustained allegations like those in the complaint before us as stating a cause of action. We are convinced that there exists no cause of action like that alleged here and that there is no legally-recognized cause of action for improperly swearing out an arrest warrant other than the old common-law action of malicious prosecution. The essential elements of malicious prosecution were set forth by the Florida Supreme Court in Duval Jewelry Co. v. Smith, 1931, 102 Fla. 717, 136 So. 878, 880, as follows:
"In Tatum Brothers Real Estate & Investment Company v. Watson, 92 Fla. 278, 109 So. 623, this court held that an action for malicious prosecution lies in all cases where there is a concurrence of the following elements: (1) The commencement or continuance of an original civil or criminal judicial proceeding; (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) Its bona fide termination in favor of the present plaintiff; (4) The absence of probable cause for such proceeding; (5) The presence of malice therein; (6) Damage conforming to legal standards resulting to plaintiff. If any one of these elements is lacking, the result is fatal to the action.
"All these elements must be established by a preponderance of the evidence and the burden of proving them, including the concurrence of malice and want of probable cause is on the plaintiff. Malice may be implied or inferred from want of probable cause but want of probable cause cannot be inferred from malice."
The first three elements enumerated above were alleged and proved in the instant case and there were allegations and proof of some damages under the sixth element; but there is a complete absence of allegations of the fourth and fifth elements  malice and want of probable cause *105  and there was legally insufficient proof of them at the trial.
Since no allegations of malice and want of probable cause are contained in the first count of the plaintiff's second amended complaint, the trial court erred in denying the defendant's motion to dismiss that count. It also erred in striking the language alleging probable cause from the fifth defense in the defendant's answer, as mentioned above.
Malice is not only an essential element of malicious prosecution but it is the gist of this cause of action. Such malice may be one of two kinds: (a) actual or subjective malice, sometimes called "malice in fact," which results in intentional wrong; and (b) "legal malice," which may be inferred from circumstances such as the want of probable cause, even though no actual malevolence or corrupt design is shown. See the discussion of these definitions in 54 C.J.S. Malicious Prosecution § 41. The general rule that malice in cases of this kind may be inferred from want of probable cause, was recognized by the Florida Supreme Court in Duval Jewelry Co. v. Smith, 1931, 102 Fla. 717, 136 So. 878, as quoted earlier in this opinion.
The public policy aspects of our holding on this appeal are easily apparent. On the one hand, surely citizens should be given some protection against the irresponsible instituting against them of civil or criminal proceedings by other persons, even law enforcement officers. See Melvin v. Pence, 1942, 76 U.S.App.D.C. 154, 130 F.2d 423, 143 A.L.R. 149. On the other hand, law enforcement and the protection of society from crime would likely be adversely affected if law enforcement agents were subject to liability in damages for simple negligence in the performance of their duties if the citizens they charge with crime should not be convicted. See Atkinson v. Birmingham, 1922, 44 R.I. 123, 116 A. 205, 36 A.L.R. 366. The requirement, established for generations, in malicious prosecution of the proof of malice and want of probable cause seems consistent with both of these considerations. In any event, no sufficient reason appears why this time-honored requirement in malicious prosecution should be now discarded in favor of an action of negligence, as here, for careless performance of duty and failure to make due inquiry, without a showing of malice and want of probable cause.
Even if the complaint had alleged a cause of action for malicious prosecution, the want of probable cause would be a necessary fact for the plaintiff to prove by a preponderance of the evidence in order to recover, and the existence of probable cause would be a proper defensive matter for the defendant to prove. Yet the plaintiff failed at the trial to prove by a preponderance of the evidence the want of probable cause, and the defendant was prevented at the trial on several occasions by rulings of the trial court from presenting evidence relevant to the question of the existence of probable cause. At the trial, also, no evidence was presented to show actual or subjective malice on the part of the defendant, and there was, in our opinion, insufficient evidence of want of probable cause from which the jury could have lawfully inferred legal malice.
For the foregoing reasons the judgment and orders appealed from should be and they are reversed.
Reversed.
WIGGINTON, C.J., and STURGIS, J., concur.