HENDRY, Judge.
The defendants appeal from a final judgment entered pursuant to a jury verdict in the plaintiff’s favor.
We set out the facts as outlined by this court in its opinion when this case was before us on a prior occasion:[1]
“The pleadings and the evidence before the court on the motions for summary judgment disclosed the following undisputed facts. The plaintiff-appellant Mary V. O’Brien had a checking account in the Little River Bank and Trust Co. On November 26, 1959, a check for $30 drawn on the bank, to which plaintiff’s name was forged, was presented by someone and cashed by Food Fair. Six days later two additional checks in the amount of $35 each, on which plaintiff’s name as maker was forged, were cashed by Food Fair. The bank rejected the first of those checks as a forgery, and returned it to Food Fair on December 6, 1959. The other forged checks received similar treatment.
“The defendant Azrikan was the security officer for Food Fair. When the first check was returned Azrikan took the matter up with an official of the bank and it was made apparent to him that the check was forged. Thereafter Azrikan executed affidavits at the office of a justice of the peace in Dade County, charging Mary V. O’Brien with uttering worthless checks to the defendant Food Fair Stores. Two warrants were issued thereon. In the space provided on the warrants for an address *713 of die accused, notations were made to ‘hold for address’ and ‘hold for better address’. At the time the warrants were issued the plaintiff was the only known Mary V. O’Brien, and Azrilcan knew someone other than the account holder Mary V. O’Brien had forged her name on the checks. On receiving the warrants, the constable proceeded on his own (routinely and according to custom) to obtain the address of ‘Mary V. O’Brien’ and her arrest followed. After being arrested in her home she was taken to the office of the justice of the peace, and was released on bond of $400. A subsequent hearing before the justice of the peace resulted in her discharge.”
As a result of the above opinion, the summary final judgment granted to the defendants was reversed, and the case proceeded to trial. The evidence submitted to the jury was substantially similar, and the appellant assigned two errors; (1) the failure of the trial court to direct a verdict in the defendant’s favor because of the plaintiff’s failure to prove an essential clement of the tort of malicious prosecution; to-wit: malice; (2) the injurious and prejudicial charge which the court gave to the jury in regard to certain actions of the defendant, Azrikan.
In regard to the question of malice, we are satisfied that the plaintiff sustained her burden. As appellants so aptly point out, there are two kinds of malice; actual and legal.[2] We are here concerned with the latter variety. Legal malice is that which is presumed to exist by virtue of the factual circumstances surrounding the particular situation.[3] One of the methods by which we may arrive at legal malice is to infer its existence from the fact of the defendant’s lack of probable cause to believe that the plaintiff committed the act for which the defendant has instituted legal proceedings.[4]
It is apparent from the record that the defendants did not have probable cause to believe that the plaintiff was guilty of the crime of forgery. From this lack of probable cause, it was proper to permit the jury to infer that the defendant acted maliciously in instituting the criminal proceedings.
Appellant argues forcefully in his brief:
“However, want of probable cause does not raise a conclusive legal presumption of legal malice. The inference is not one of law but merely one of fact which may be rebutted and which the jury is not required to draw and, indeed, should not draw if the facts disclosed by the evidence lead to a different conclusion.”
We agree with appellant’s argument that this is a question of fact, but we hasten to add that we can not agree with his last statement. The existence of malice is one of fact for determination by the jury. The appellant is correct when he says the “jury is not required to draw”, but he does not choose to accept the opposite possibility, that the jury may draw the conclusion that malice existed. If the result reached by the jury in this case had been the other way, to the effect that malice did not exist, or in other words, that they did not choose to infer the existence of malice from the lack of probable cause then our result would be the same. The determination of the existence or lack of malice is within the province of the jury after lack of probable cause has been established. They and they alone are entitled to find whether it existed or not.
Appellants urge the case of Wilson v. O’Neal, Fla.App.1960, 118 So.2d 101, upon us as controlling in this case. The Wilson *714 case, supra, is distinguishable from the instant situation in that there was an affirmative showing of the existence of probable cause on the part of the defendant. In our case, the opposite occurred, in that, a clear showing of the lack of probable cause on the part of defendants.
Finally, appellants allege error for the following jury charge:
“One who instigates prosecution by means of affidavit can not relieve himself of liability for that act by the bold statement that he intended only to have the affidavit serve some purpose other than that which is apparent on its face.”
We can find no error in this charge, inasmuch as, it is substantially similar to the language found in Killen v. Olsen, Fla. 1952, 59 So.2d 524, 525.
Accordingly, the judgment appealed is affirmed.
Affirmed.

. O’Brien v. Food Fair Stores, North Dade, Inc., Fla.App.1963, 155 So.2d 836, 837.

. Wilson v. O’Neal, Fla.App.1960, 118 So.2d 101.

. id.

. Gallucci v. Milavic, Fla.1958, 100 So.2d 375, 68 A.L.R.2d 1164.