225 So.2d 572 (1969)
HIGHLAND INSURANCE COMPANY, for the Use and Benefit of Itself and of Claude H. Prater, Appellant,
v.
WALKER MEMORIAL SANITARIUM AND BENEVOLENT ASSOCIATION D/B/a Walker Memorial Sanitarium and Hospital, and C.J. Larsen, Appellees.
No. 69-267.
District Court of Appeal of Florida. Second District.
August 8, 1969.
Rehearing Denied September 4, 1969.
Masterson, Lloyd, Sundberg & Rogers, St. Petersburg, for appellant.
Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, for appellees.
*573 HOBSON, Chief Judge.
Plaintiff-appellant, Highland Insurance Company, for the use and benefit of itself and of Claude H. Prater, brought this interlocutory appeal from the lower court's order which granted defendants-appellees' motion to sever the claims against one Robert J. Courtney from the claims against the defendants-appellees herein and which further transferred all claims and causes of action against the defendants-appellees herein from Hillsborough to Highlands County.
On or about August 12, 1966, Claude H. Prater was employed by Goodwin, Inc., and on that date suffered an injury arising out of and in the course of his employment with said employer. Highland Insurance Company, on said date, provided Workmen's Compensation coverage to Goodwin, Inc. Following the injury to Claude H. Prater, Highland Insurance Company engaged the services of Dr. Robert J. Courtney to render and perform treatment and surgery. On September 14, 1966, Dr. Courtney performed surgery in Tampa, Hillsborough County, Florida. The surgery was performed in the inguinal area and adjacent areas, allegedly causing nerve damage and damage to Mr. Prater's spermatic cord.
Thereafter, while Mr. Prater was still being treated for his injury which arose out of the course of his employment with Goodwin, Inc., plaintiff engaged the services of Dr. C.J. Larsen and again surgery was performed on Mr. Prater, on or about January 24, 1967, in Avon Park, Highlands County, Florida. Surgery was to the exact and identical area of the body, allegedly causing damage to the nerves of the inguinal area and adjacent areas, and damage to Mr. Prater's spermatic cord.
The defendant, Walker Memorial Sanitarium and Benevolent Association, operated a hospital known as Walker Memorial Sanitarium and Hospital (hereinafter referred to as Walker Memorial), situated in Avon Park, Florida, and held itself out as being an accredited general hospital. Highland Insurance Company engaged the services of this hospital to operate on Mr. Prater for the injuries arising out of the course of his employment with Goodwin, Inc. Mr. Prater was admitted to the hospital and surgery was performed (by Dr. C.J. Larsen) on or about January 24, 1967. It was alleged that the hospital was under a duty to adopt and enforce rules and regulations providing for review and treatment of patients so as to avoid the performance of unnecessary surgical procedure and to avoid the performance of surgery without informed consent and, further, to avoid unnecessary hazards of surgery in said operation but that they, nevertheless, failed to do so and were negligent, causing Mr. Prater to suffer damages and injuries to the nerves of his inguinal area and to his spermatic cord.
The plaintiff alleged in Count Seven of its amended complaint that the damages suffered by the plaintiff and Claude H. Prater resulted from the negligence on the part of one or more of the defendants, as a result of one or both of the surgical procedures performed upon Mr. Prater causing injuries to the nerves of his inguinal area and damage to his spermatic cord.
In response to the amended complaint, the defendants, Walker Memorial and Dr. C.J. Larsen, filed a motion to sever the causes of action and transfer venue.
It is from the order granting this motion that the appellant brings its interlocutory appeal.
The question involved on interlocutory appeal here may be stated as follows:
WHETHER THE TRIAL COURT, HAVING HELD THAT NEGLIGENCE, IF ANY, ON THE PART OF DR. COURTNEY IN HILLSBOROUGH COUNTY IN SEPTEMBER, 1966, WOULD NOT BE CONCURRENT WITH NEGLIGENCE, IF ANY, ON THE PART OF DR. LARSEN AND WALKER MEMORIAL *574 IN HIGHLANDS COUNTY IN JANUARY, 1967, WAS CORRECT IN GRANTING THE MOTION FOR SEVERANCE AND CHANGE OF VENUE TO HIGHLANDS COUNTY MADE BY DEFENDANTS WALKER MEMORIAL AND DR. LARSEN.
This is a medical malpractice action alleging the negligence of two doctors and a hospital. It should be noted that each of the injuries and damages sustained by Mr. Prater as a result of the alleged negligence of any one of the defendants or all of them was identical. Count Seven of the amended complaint sets forth that one of the defendants or two of the defendants or all of the defendants were responsible for the injuries sustained by Mr. Prater as a result of one or both of the surgical procedures performed. Section 47.021, Florida Statutes 1967, F.S.A., permits an action against parties residing in different counties to be brought in any county in which any of the defendants reside. It provides:
"47.021 Actions Against Defendants Residing in Different Counties or Districts.  Actions against two or more defendants residing in different counties or districts may be brought in any county or district in which any defendant resides."
Dr. Courtney resides in Hillsborough County where the action was brought.
There is no restriction upon the joinder of several causes of action merely because the alleged negligence arose in different counties. This is set out in Section 47.041, Florida Statutes 1967, F.S.A., which provides:
"47.041 Actions on Several Causes of Action.  Actions on several causes of action may be brought in any county or district where any of the causes of action arose. When two or more causes of action joined arose in different counties, venue may be laid in any of such counties, but the court may order separate trials if expedient."
In addition, Florida Rules of Civil Procedure, Rule 1.210(a), 30 F.S.A. provides:
"Rule 1.210. PARTIES (a) Parties Generally. Every action may be prosecuted in the name of the real party in interest * * * All persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs and any person may be made a defendant who has or claims an interest adverse to the plaintiff. Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause * * *. (emphasis added)
Research has failed to disclose any recent Florida case deciding the precise matter before this court. The Florida cases cited by appellees are cases (some of which date back to 1913) that were decided prior to the existence of our more modern rules of civil procedure. Going only as far back as the 1950 Florida Rules of Civil Procedure, in regards to law actions, it should be noted that no rule similar to Rule 1.210(a) existed as the then Florida rules of procedure were in effect.
The Florida Supreme Court in the very recent case of Shingleton, et al. v. Bussey, 223 So.2d 713, opinion filed May 28, 1969, concluded "* * * a direct cause of action now inures to a third party beneficiary against an insurer in motor vehicle liability insurance coverage cases as a product of the prevailing public policy of Florida." Chief Justice Ervin in Shingleton, et al. v. Bussey, supra, delved into FRCP 1.210(a), giving us the following interpretation at page 718 of 223 So.2d:
"It can hardly be denied that one of the fundamental goals of modern procedural jurisprudence is to secure a method of providing an efficient an expeditious adjudication of the rights of persons possessing adverse interests in a controversy. The liberal joinder provisions of Rule 1.210(a), Florida Rules of Civil Procedure, 30 F.S.A., acknowledges this policy by providing: `Any person may be *575 made a defendant who has or claims an interest adverse to the plaintiff.'"
Mr. Justice Drew in his dissenting opinion in Shingleton v. Bussey stated at page 721: "* * * I believe, however, that the court erred * * * in finding that Rule 1.210, supra, authorizes joinder of any parties who have adverse interests, without recognition of the procedural character of the rule and its necessary limitation to parties with adverse interests which are independently actionable.[3]" (Footnote 3: Kirkpatrick v. Parker, 136 Fla. 689, 187 So. 620, 121 A.L.R. 1481 [1939].)
In the case sub judice the lower court felt the joinder was improper unless the negligent acts were concurrent in time to produce the injury. In response to this argument, the Supreme Court of California in Kraft v. Smith (1944), 24 Cal.2d 124, 148 P.2d 23, stated at page 26:
"* * * Certainly neither defendant is liable for any injury caused by the independent tort of his codefendant, to which he himself did not proximately contribute. If upon the trial it develops that neither defendant was guilty of negligence then no prejudice will have been occasioned by their joinder in the one action. If it develops that only one defendant was negligent in his treatment the assessment of the verdict will be simple. If, on the other hand, it appears that negligence of both defendants contributed proximately to cause an injury for which plaintiff is entitled to recover, it may be a matter entailing great difficulty of proof as to the amount in which each defendant is responsible. Cf. Slater v. Pacific American Oil Co., 1931, 212 Cal. 648, 300 P. 31. To require separate actions and separate trials in such a situation would enhance the difficulties of proof and tend to obstruct, rather than to promote, justice. The facts that defendants reside (and practice) in different counties and that one of them may have to attend court and present his defense in a county other than that of his residence, present a consideration which must be presumed to have been hypothetically weighed by the Legislature in enacting the law."
* * * * * *
"* * * Certainly there are cogent reasons why it should be applied. Through having both defendants before the court at the same time and in the same action it can be expected more sanguinely that a jury should arrive at soundly based and just verdicts."
Kraft v. Smith, supra, is a case on all fours with the case at bar. In the Kraft case the complaint alleged that the wife sustained injuries, that two physicians in separate counties were successively employed to treat the injuries, that each physician was negligent, and that as a proximate result of the negligence of one or the other or both the wife sustained a further injury. The court held that both physicians were properly joined under statutes respecting joinder of defendants. The sections so referred to by the court are Sections 379a and 379c of the California Code of Civil Procedure. Those sections are found at page 24 of the opinion:
"Section 379a: `All persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative; and judgment may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities.'
"Section 379c: `Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, with the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined between the parties.'"
The California court in speaking of the policy behind its Code of Civil Procedure stated at pages 25-26:
"* * * `One of the objects of the reformed or code procedure is to simplify *576 the pleadings and conduct of actions, and to permit the settlement of all matters of controversy between parties in one action, so far as may be practicable. * * To permit a joinder where possible makes manifestly for the expeditious disposition of litigation without working hardship to any party defendant, and for this reason statutes relating to joinder should be liberally construed, unless expressly forbidden, to the end that a multiplicity of suits may be prevented.'"
Therefore, in the light of our Florida Rules of Civil Procedure, in Rule 1.210(a) of those rules in particular, and in light of the majority opinion in Shingleton v. Bussey, supra, we construe Rule 1.210(a) liberally as it should be under modern practice and follow the California case of Kraft v. Smith, supra, to avoid the necessity of several suits and in the interest of expediency.
The order appealed is hereby reversed and remanded for a single trial.
PIERCE and MANN, JJ., concur.