244 So.2d 522 (1970)
ZIPPY MART, INC., a Corporation, and Lucille Cox, Appellants,
v.
Elzie W. MERCER, Appellee.
No. M-169.
District Court of Appeal of Florida, First District.
December 15, 1970.
Mattox S. Hair, of Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, for appellants.
Goldstein & Goldstein, Jacksonville, for appellee.
*523 PER CURIAM.
Appellants seek reversal of a final judgment entered upon a jury verdict in a malicious prosecution and false imprisonment suit.
The complaint contained two counts for malicious prosecution, both of which terminated favorably to appellee, and one count for false imprisonment. Appellant Cox was the manager of a convenience-type food store owned by the other appellant, Zippy Mart, Inc. The first malicious prosecution count was based on charges of "disorderly conduct creating a disturbance" brought against appellee in Jacksonville Municipal Court at the instigation of Cox. The second malicious prosecution count was based on charges of petty larceny brought against appellee in Justice of the Peace Court upon the affidavit and complaint of Cox. The false imprisonment count was predicated upon Cox's locking the store door so as to prevent appellee's departure prior to arrival of the police.
Appellee's action was brought in the aftermath of a visit by him and his family to appellant's store to get some iced drinks for the wives and children of the party and two beers for himself and his nephew. As appellee was waiting at the counter for Mrs. Cox to draw the iced drinks, he "flipped around" a key chain mounted on a counter rack just to look at it. Mrs. Cox turned around and, believing that appellee had removed the object from the rack and was secreting same, she ordered him to put it back on the rack. Appellee denied taking the object, but when Mrs. Cox said she was calling the police he offered to buy one and placed it on the counter after removing it off the rack. Of course, Mrs. Cox testified that appellee had already taken it and contends that under this state of facts she was justified in calling the police and preferring charges. But, this conflict in the respective versions of what transpired was resolved against appellants by the jury, so we, as an appellate court, must accept the evidence most favorable to the prevailing party. Adler v. Segal, 108 So.2d 773 (Fla.App. 1959).
Appellants contend that judgment cannot stand because there was no proof the arrest and consequent prosecution on the disorderly conduct charges were procured by the store manager, Mrs. Cox. Although Mrs. Cox testified that she did not request the arrest and municipal court charges, the jury apparently chose to believe the contrary based upon the arresting officer's testimony that the arrest was founded on her complaint. The jury's conclusion in this was corroborated by the arrest report admitted in evidence which reflected that Mrs. Cox was the complaining witness on the disorderly conduct charge. Appellant's insistence that the arrest and ensuing municipal charges were based on the officer's own observations and initiative rather than her complaint collides with the testimony of a disinterested witness who stated that appellee's demeanor in the presence of the arresting officer was neither boisterous nor disorderly. This evidence could have been a decisive factor in the jury's deliberations on the question of whether the officer arrested appellee because the latter was disorderly in the presence of the officer or whether, there being no disorderliness in the officer's presence, he made the arrest based on Mrs. Cox's complaint regarding appellee's conduct prior to the officer's arrival. Maiborne v. Kuntz, 56 So.2d 720 (Fla. 1952), and Azrikan v. O'Brien, 173 So.2d 711 (Fla.App. 1965). Considering the evidence in the light most favorable to the prevailing party, it is clear that appellee's arrest and prosecution were procured by the appellants.
By their last point on appeal the appellants contend that the trial court erred in denying their motion for new trial or, in the alternative, their motion for a remittitur on the ground that the judgment *524 awarding plaintiff damages in the sum of $20,000.00 bears no reasonable relationship to the damages suffered as revealed by the evidence and is of such magnitude as to shock the conscience of the court.
With respect to the award of $4,500.00 for compensatory damages, the evidence reveals that plaintiff's out-of-pocket loss amounted to $180.00. The remainder must be attributed to embarrassment and injured feelings resulting from being arrested and incarcerated for a couple of hours in jail awaiting the posting of a bond. Plaintiff testified, however, that this was no new experience for him in that some years earlier he had been arrested and incarcerated in jail on a charge brought against him for violating the law on Jacksonville Beach. Appellants' action in causing appellee to be arrested under the bona fide belief that he was shoplifting in appellants' store does not constitute such unconscionable or outrageous action as to justify the penalty imposed by the jury verdict of $15,500.00 for punitive damages. We therefore fail to find in the evidence any rational basis for the amount of damages awarded plaintiff, which amount we find to be so excessive as to shock the judicial conscience of the court. Washington County Kennel Club, Inc. v. Edge, 216 So.2d 512 (Fla.App. 1968). For the foregoing reason, the judgment appealed herein is reversed and the cause remanded with directions that it be amended by providing that appellee enter a remittitur in the cause in the sum of $10,000.00 within fifteen days of the going down of our mandate herein, in default of which appellants shall be granted a new trial on the issue of damages only.
We have considered the remaining points urged by appellants for reversal but find them to be without substantial merit.
Reversed and remanded.
JOHNSON, C.J., and WIGGINTON and SPECTOR, JJ., concur.