360 So.2d 134 (1978)
Carl DeMARCO, Appellant,
v.
PUBLIX SUPER MARKETS, INC., a Florida Corporation, Appellee.
No. 78-81.
District Court of Appeal of Florida, Third District.
June 27, 1978.
*135 Tobias Simon and Theodore L. Tripp, Jr., Miami, for appellant.
Taylor, Brion, Buker & Greene and Frank B. Pridgen, Miami, for appellee.
Before HAVERFIELD, C.J., and PEARSON, J., and CHARLES CARROLL (Ret.), Associate Judge.
HAVERFIELD, Chief Judge.
This is an appeal by Carl DeMarco from an order dismissing with prejudice his complaint for compensatory and punitive damages against his former employer, Publix Super Markets, Inc., in this action for the allegedly wrongful termination of his employment.
Anne DeMarco, the minor daughter of Carl DeMarco, while shopping with her mother in one of the stores of the appellee, Publix Super Markets, Inc., sustained a severe eye injury when a soda bottle exploded. At the time of the accident Carl DeMarco was an employee of Publix, whose insurer, Hartford Insurance Company, paid the medical expenses incurred by Anne. After her initial treatment had been completed, Hartford offered the additional sum of $200 as a complete settlement on behalf of Publix. This offer was refused by Carl DeMarco who then filed suit on behalf of his minor daughter against Publix and the manufacturer of the bottle which exploded. Publix informed DeMarco that if he did not withdraw the lawsuit, he would be discharged. DeMarco refused and his employment was terminated. He thereupon filed *136 the subject multi-count complaint against Publix seeking compensatory and punitive damages and reinstatement. He alleged that as a result of this deliberate and malicious termination, Publix was primarily liable in the following respects: (1) interference with the good faith exercise of his rights under Article I, Section 21[1] and 9,[2] Florida Constitution (1968), and Section 447.09, Florida Statutes (1975); (2) damage to his reputation in that his firing imputed that he was unreliable or incompetent; and (3) severe emotional distress and mental anguish suffered. Publix moved to dismiss the complaint for failure to state a cause of action. After hearing argument of counsel, the trial court dismissed the complaint with prejudice for the reason that there is no basis for a suit to obtain compensation for violation of DeMarco's rights under the Florida Constitution. The court also found the facts as alleged failed to give rise to a cause of action for either damage to DeMarco's reputation or intentional infliction of emotional distress. We affirm.
The established law is that where the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract. Wynne v. Ludman Corporation, 79 So.2d 690 (Fla. 1955); Sher v. Shower Door Company of America, 197 So.2d 333 (Fla.3d DCA 1967); Critchlow v. WFC Mortgage Company, Inc., 315 So.2d 483 (Fla. 3d DCA 1975). The employment agreement in the case at bar having been for an indefinite time, Publix could terminate DeMarco for any reason without incurring liability. Thus, Publix was not liable for firing him for the reason that he was exercising his constitutionally protected rights. Furthermore, there is no civil cause of action for the interference with the exercise of one's right under Article I, Section 21 of the Florida Constitution. See: Kirkpatrick v. Parker, 136 Fla. 689, 699, 187 So. 620, 624 (1939). In fact, DeMarco's suit on behalf of his daughter is still pending which contradicts the allegation that he is being denied access to the courts in derogation of this constitutional right. Likewise, we find to be without merit the argument that Publix is liable for interference with DeMarco's rights under Section 447.09, Florida Statutes (1975) in that Chapter 447, Florida Statutes (1975) clearly was enacted for the purpose of regulating labor organizations and was not intended by the legislature to apply to the present factual situation.
We next considered the count for emotional distress. The controlling principle of law is that if the action is basically for breach of an employment contract, there can be no recovery for mental pain and anguish resulting from the breach unless such breach amounts to an independent, willful tort. See: Henry Morrison Flagler Museum v. Lee, 268 So.2d 434, 436-7 (Fla. 4th DCA 1972). After reviewing this count, it is readily apparent that the allegations contained therein fail to set forth the elements of a willful independent tort.
Finally, we examined the count for damage to DeMarco's reputation and have determined that it fails to state a cause of action because of the lack of any allegation to the effect that Publix published any defamatory statements about DeMarco to third persons. See: Maine v. Allstate Insurance Company, 240 So.2d 857 (Fla. 4th DCA 1970).
Affirmed.
NOTES
[1] "§ 21. Access to courts

"The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay."
[2] "§ 9. Due process

"No person shall be deprived of life, liberty or property without due process of law, or be twice put in jeopardy for the same offense, or be compelled in any criminal matter to be a witness against himself.