384 So.2d 1253 (1980)
Carl DeMARCO, Appellant,
v.
PUBLIX SUPER MARKETS, INC., a Florida Corporation, Appellee.
No. 54653.
Supreme Court of Florida.
May 1, 1980.
Rehearing Denied July 21, 1980.
Theodore L. Tripp, Jr., of the Law Offices of Tobias Simon, Miami, for appellant.
Frank B. Pridgen and R. Bruce Wallace, Jr. of Taylor, Brion, Buker & Greene, Miami, for appellee.
PER CURIAM.
This is an appeal from a decision of the Third District Court of Appeal, reported at 360 So.2d 134 (Fla. 3d DCA 1978). Appellant DeMarco alleged in his complaint that Publix wrongfully terminated his employment solely because he brought suit against Publix in his daughter's behalf for injuries occurring when she was shopping with her mother in a Publix market. DeMarco contends that the employment termination violated the access to the courts provision, *1254 article I, section 21, of the Florida Constitution. The trial court dismissed the complaint with prejudice, and the district court affirmed, holding: "[W]here the term of employment is discretionary with either party or indefinite, then either party for any reason may terminate it at any time and no action may be maintained for breach of the employment contract." 360 So.2d at 136. The district court concluded there is no civil cause of action for interference with the exercise of one's right under article I, section 21, of the Florida Constitution.[*] Because of the constitutional construction, we have jurisdiction under article V, section 3(b)(1), Florida Constitution. We affirm the district court of appeal and adopt the reasoning expressed in its opinion.
It is so ordered.
BOYD, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.
OVERTON, J., dissents with an opinion, with which ADKINS, Acting C.J., concurs.
OVERTON, Justice, dissenting.
I dissent. In my view, an action for compensatory damages for termination of DeMarco's employment should be allowed to ensure that the individual rights of his minor child will be protected.
The material facts alleged in the complaint reflect that DeMarco was an employee of Publix Super Markets, Inc., working as a laborer at one of their warehouses. His wife, accompanied by their two-year-old child, was shopping at a supermarket owned and operated by Publix when a glass container exploded, causing a piece of glass to enter the eye of the child. The child suffered permanent injuries as a result of the accident. The insurer, acting as an agent of Publix, offered the sum of $200 as full and complete settlement for the injuries sustained by the child. DeMarco rejected the offer and filed suit on behalf of his daughter against Publix and the manufacturer of the container. The vice president in charge of the Miami division of Publix notified DeMarco that he would be fired unless he withdrew the suit. DeMarco refused to withdraw the suit, and his employment was terminated.
In his complaint, DeMarco sought compensatory and punitive damages and reinstatement to his employment on four separate grounds. The primary issue, distinctly framed because Publix does not dispute the facts, is whether DeMarco has a cause of action against Publix for interference with his access to the courts. This action is premised upon article I, section 21, of the Florida Constitution. In his other grounds, DeMarco claimed relief due to interference with the exercise of his statutory right under section 447.09, Florida Statutes (1975), damage to his reputation in that his firing imputed he was unreliable or incompetent, and severe emotional distress and mental anguish.
I would hold that DeMarco has asserted a proper cause of action for interference with that access to the courts necessary to protect the interests of his minor daughter. Section 21 of our Declaration of Rights provides: "Access to courts,  The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay." It is my view that this provision is not limited to governmental acts infringing upon an individual's right of access to the courts. The termination of discretionary or indefinite employment, solely because of a cause of action filed by an employee against an employer, may be justified in accordance with the views of the majority when the employee files the suit only in his own right. I do not believe, however, that this doctrine is constitutionally valid when its application substantially interferes with the right of access to the courts by a third-party minor child.
*1255 In Spafford v. Brevard County, 92 Fla. 617, 110 So. 451 (1926), this Court stated that the right of access and due process provisions "secure individual rights against unconstitutional invasion by the state, as well as from violation by other governmental agencies and individuals." 92 Fla. at 621, 110 So. at 454 [emphasis added]. This statement, in my view, supports a cause of action for compensatory damages for this father's loss of employment. I recognize that such a holding, although consistent with Spafford, would be contrary to Kirkpatrick v. Parker, 136 Fla. 689, 187 So. 620 (1939). To the extent necessary, I would recede from Kirkpatrick and reaffirm our decision in Spafford.
I do agree with the majority that, for the reasons expressed by the district court of appeal in its opinion, there is no cause of action for denial of access to the courts under the authority of chapter 447, nor is there a cause of action for emotional distress or damage to DeMarco's reputation.
For the reasons expressed, I would reverse in part and affirm in part.
ADKINS, Acting C.J., concurs.
NOTES
[*] It should be noted, as appears from the district court opinion, that DeMarco's suit on behalf of the daughter was pending at the time of the district court opinion. Therefore, neither he in his representative capacity nor the daughter as beneficiary has been denied access to the courts to vindicate the claim for her injuries.