WILLIAM JENKINS, Appellee v. JAMES GILLIGAN, Appellant.

Malicious prosecution: PROBABLE CAUSE: INSTRUCTION. In an action for malicious prosecution the defendant, to justify his act, must show that the facts prompting the prosecution were such as would warrant an ordinarily prudent and cautious person in believing that he had probable cause for so doing. The instructions in the instant case when construed as a whole are held to state the correct rule.

Same. In an action for malicious prosecution it is for the court to say what facts will constitute probable cause for the prosecution.

Same: MALICE. Malice will not be inferred from simply doing an act without ordinary prudence and discretion, but there must have been a purpose in doing the wrongful act to warrant an inference.

*Appeal from Union District Court.*— HON. H. M. TOWNER, Judge.

TUESDAY, JULY 10, 1906.

ACTION for malicious prosecution. The defendant appeals from judgment rendered on a verdict against him.— *Reversed.*

*James G. Bull,* for appellant.

*Sullivans & Fry,* for appellee.

LADD, J.— On the 5th of April, 1904, the defendant caused the plaintiff to be arrested for the crime of robbery. On preliminary examination the accused was discharged, and in this action demands damages for that the prosecution was malicious and without probable cause. In the course of

the trial defendant testified that in the night of February 28, 1904, plaintiff, accompanied by Bert Glazier, both being masked, came to his house, and, when the door was opened by him, presented revolvers and by threats compelled him to give up a considerable sum of money. The plaintiff introduced evidence tending to establish an *alibi,* and also that defendant had said to several witnesses that he did not know who the guilty parties were, and had employed a person to assist him in " ferreting out the robbers."

Sixteen errors are assigned, only two of which are debatable. After defining " probable cause," and indicating under what circumstances the jury might find that the de-

1. MALICIOUS
PROSECUTION:
probable cause.

fendant acted without it, the court, in stating the alternative, said: " But if you find from the evidence that the defendant knew the plaintiff well enough to recognize him by his voice and general appearance, notwithstanding the disguise used, and recognized the clothing worn as plaintiff's clothing, and that by reason of such facts and the other facts shown in evidence the defendant as a prudent and cautious man was warranted in the belief, and that he did so believe, and that such facts constituted reasonable ground of suspicion, then you would be justified in finding that said prosecution was upon probable and reasonable cause." This is criticised (1) because the clause " prudent and cautious man " is not limited by the word " ordinarily or reasonably," and (2) for that, after stating all the facts sufficient to support the conclusion on the part of the defendant that the plaintiff was guilty of the crime, the jury was required to find, in addition thereto, " that such facts constitute reasonable ground for suspicion." The standard by which defendant's conduct should be tested is, as contended, that of an ordinarily cautious and prudent man. The word " cautious," when not so limited, may suggest the idea of timidity, or, as defined secondarily by Webster: " Over prudent; fearful; timorous." *McClafferty v. Philpf,* 151 Pa. 86 (24 Atl. 1042). But the necessity of

reasonable grounds of suspicion on the part of defendant had been impressed upon the minds of the jury, and in view of this we do not think the omission of any qualifying word before " prudent and cautious " was error.

Counsel for appellant rightly insists that it was for the court to say what facts constituted probable cause. If the defendant recognized plaintiff as one of those who perpe-

**2. Same.**

trated the crime alleged, and as a man of ordinary caution and prudence believed him to be such, then he had probable cause for prosecuting him, and it was not for the jury to say whether " such facts constituted reasonable ground of suspicion." As said by another court, and approved in *Erb v. German-American Insurance Company,* 112 Iowa, 364: " What facts, and whether particular facts, constitute probable cause, is a question exclusively for the court. What facts exist in a particular case, where there is a dispute with reference to them, is a question exclusively for the jury. When the facts are in controversy, the subject of probable cause should be submitted to the jury either for specific finding of the facts, or with instructions of the court as to what facts shall constitute probable cause."

In another instruction, the court, after indicating the necessity of a finding of malice, said: " Malice is an essential element which the plaintiff must show before he will

**3. Same: malice.**

be entitled to a recovery. Malice is an act based upon a wrongful or improper motive. It does not presuppose personal hatred, ill-will, or revenge. It may be inferred from a reckless disregard of the rights of others, such as show an evil intent, or the doing of an act without that ordinary prudence and discretion which persons of mature mind and sound judgment are presumed to have, and malice may be inferred from a want of probable cause." The sentence criticised is that which authorized the jury to infer malice from " the doing an act without that ordinary prudence and discretion which persons of mature mind and

sound judgment are presumed to have." The doing of such an act constitutes negligence, but will not alone warrant the inference of malice. Malice is distinguishable from mere negligence in that it arises from some purpose, while negligence arises from absence of purpose. The characteristic of negligence is inadvertence or an absence of an intent to injure. This does not imply that the act was done involuntarily or unconsciously, but merely that the person doing it was not conscious that the act constituted a want of reasonable care. *Pitkins v. S. C., etc., R. C.,* 54 S. C. 498 (32 S. E. 567); 21 Am. & Eng. Ency. of Law (2d Ed.) 477. If so conscious the act becomes malicious. The books agree that the prosecution need not have been prompted by malevolence or any corrupt design, nor necessarily involve spite or hatred toward the person accused. It is enough if it be the result of any improper or sinister motive and in disregard of the rights of others. *Mitchell v. Wall,* 111 Mass. 492; *Sommer v. Wilt,* 4 Serg. & R. (Pa.) 19, or if done willfully and purposely. *Lemay v. Williams,* 32 Ark. 166. But to constitute malice there must have been (1) a motive or purpose, and (2) it must have been an improper one. To accuse and prosecute a person for crime without probable cause is matter of such serious consequences that malice may be inferred therefrom, but not necessarily so. The rule is otherwise, however, with reference to an ordinary act of negligence, and, unless the injury complained of was intentional, or so reckless or wanton as to indicate bad faith, malice is not to be inferred therefrom. In authorizing the jury to infer malice from such an act of defendant, and several might have been so thought other than the beginning of the prosecution, there was error. — *Reversed.*