### DABKOWSKI v. DAVIS.

1. WITNESSES—STATEMENTS IN COURSE OF LITIGATION—PARTIES—AT-
TORNEYS.
   Statements of parties, counsel, and witnesses, made in the course
   of litigation, which are pertinent and material to the case,
   are absolutely privileged communications.

2. FALSE IMPRISONMENT—PRIVILEGED COMMUNICATIONS—PHYSICIANS
—SANITY PROCEEDINGS.
   Statements of opinion by doctors in certificates filed in sanity
   proceeding by husband to commit wife, which related to her
   emergency commitment and were submitted to the court having
   jurisdiction in the premises, were absolutely privileged and
   may not be made the basis of an action for false imprisonment
   and assault and battery by reason of the wife's temporary
   commitment resulting from use of such certificates (CLS 1956,
   § 330.21, as amended by PA 1957, No 313).

Appeal from Kent; Hoffius (Stuart), J.   Submit-
ted April 7, 1961.   (Docket No. 50, Calendar No.
48,996.)   Decided September 23, 1961.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses §§ 538–541.
[2] 22 Am Jur, False Imprisonment §§ 23, 32, 77.

Case by Therese Dabkowski against David B. Davis and Kenneth C. Nickel for false imprisonment and assault and battery arising from their certification, as doctors, of necessity for hospitalization pending examination on insanity proceedings. Case dismissed on motion. Plaintiff appeals. Affirmed.

*Rhoades & Garlington* (*William J. Garlington* and *Dale W. Rhoades,* of counsel), for plaintiff.

*Uhl, Bryant, Wheeler & Upham* (*Buford A. Upham,* of counsel), for defendant Davis.

*Cholette, Perkins & Buchanan* (*David M. Tyler,* of counsel), for defendant Nickel.

Talbot Smith, J. The case before us charges 2 physicians with false imprisonment and assault and battery.[1]

The case arose out of the removal of plaintiff to the Kent County Receiving Hospital. Plaintiff's husband had applied to the probate court to have her committed to the Kalamazoo State Hospital as a mentally ill person, which application was still pending at the time of the incidents herein described. Following a conversation between the plaintiff's husband and the probate judge, the details of which are not disclosed in the record, the certificates of the defendants were obtained and presented to the court, pursuant to which the following emergency order was issued:

"In the matter of Therese Dabkowski, alleged mentally ill.

"Whereas, an application has been made, and is now pending, before this court to commit the said

---

[1] Since appellant's statement of facts, in violation of Court Rule No 67 (1945), is completely barren of page references to the appendix, we have relied upon the counterstatements submitted by appellees. [For amendments to rule see 347 Mich xxii and 355 Mich xiv.—Reporter.]

Therese Dabkowski to the Kalamazoo State Hospital as a mentally ill person.

"And whereas, it has been made to appear and does appear to the court by the certificates of 2 legally qualified physicians and other testimony necessary and essential to public safety to commit the said Therese Dabkowski to the said Kent County Receiving Hospital there to be detained until such application can be heard and determined.

"Therefore, it is ordered and adjudged that said Therese Dabkowski be admitted to the Kent County Receiving Hospital there to be detained until such application can be heard and determined, provided, however, that such detention thereat, under authority of this order, shall not exceed 60 days from and after the date of this order, unless extended by this court.

"It is further ordered, that Superintendent William A. Johnson of Grand Rapids police department or any police officers designated by him be and is hereby authorized and directed to remove said Therese Dabkowski with full power and authority for that purpose."

Plaintiff was thereupon taken to the Kent County Receiving Hospital where she remained for some 11 hours. She was then released, upon the court's rescission of the emergency order. In explanation, the probate judge affirmed:

"That he did not rescind the emergency order which confined the plaintiff because there was no basis for the certificates but permitted the plaintiff to return home pending an examination when informed that the plaintiff's personal physician had examined her at the Kent County Receiving Hospital and was of the opinion that she should return to her home."

As a result of the foregoing the instant action was brought. Dismissed upon motion of defendants, it is before us on general appeal.

The gist of the argument of appellants is that the defendants did not make a personal examination of the plaintiff as a basis for their issuance of the certificates hereinabove described. The defendants, however, assert that the statute[2] upon which they rely to justify their action has no such requirement for a temporary detention in an emergency. We do not, however, find it necessary to resolve this issue, since there is another, conclusive of the case, completely barring the action.

As we have noted heretofore, at the time the steps complained of were taken, a petition was pending in the probate court, filed by the plaintiff's husband, praying for her commitment as a mentally ill person. It was, thereafter, in this same matter, that defendants certified their opinions that it was "necessary and essential" to remove plaintiff to the hospital and to detain her until the petition for commitment might be determined. The law applicable to this situation was examined by this Court in *Mundy* v. *McDonald*, 216 Mich 444, 456 (20 ALR 398), where we held as follows:

"In the early case of *Hart* v. *Baxter*, 47 Mich 198, Mr. Justice COOLEY refers to the case of *McLaughlin* v. *Cowley*, 127 Mass 316, for a clear statement of the general rule. It is there stated (p 319):

" 'It was stated in the opinion of this court in the recent case of *Rice* v. *Coolidge*, 121 Mass 393 (23 Am Rep 279), that it seems to be settled by the English authorities that judges, counsel, parties and witnesses are absolutely exempted from liability to an action for defamatory words published in the course of judicial proceedings; and that the same doctrine is generally held in the American courts, with the qualification, as to parties, counsel and witnesses,

2 CLS 1956, § 330.21, as amended by PA 1957, No 313 (Stat Ann 1959 Cum Supp § 14.811).

that their statements made in the course of an action must be pertinent and material to the case.'"

Analagous on its facts is the case of *Reycraft* v. *McDonald,* 194 Mich 500, 502, 503, an action for slander brought against one who had asserted to the probate judge that the plaintiff was "insane and needed hospital treatment." In affirming a verdict directed for defendant we held as follows:

"Undoubtedly the authority of the probate court to commit a person to an asylum on the ground of insanity is purely statutory, and it is conceded that defendant did not belong to any of the classes of persons authorized to make the petition. But does this fact make his communication to the probate judge any less privileged?

"In *Flynn* v. *Boglarsky,* 164 Mich 513 (32 LRA NS 740), the defendant therein, with others, presented to the police justice, regarding plaintiff's conduct, a certain petition which the latter conceived to be slanderous. It was conceded that the petition was not one that the justice could act upon. It gave him no jurisdiction to issue any process against the parties complained of; but this court held that it was absolutely privileged, saying (pp 516, 517):

" 'The matter stated in this petition was clearly pertinent and material to the subject of the investigation desired. * * * The magistrate had jurisdiction over such matters. We are not disposed to narrow or abridge the right of a citizen to make even an oral complaint before a magistrate charged with the duty of investigating the matters complained of. * * * Such communications are made in the strictest confidence, and are as sacred in the eyes of the law as the communications between client and lawyer, or patient and physician.'"

It is clear that the statements of opinion by the doctors in the certificates before us are absolutely privileged. They were submitted while a sanity proceeding of plaintiff was pending, related to the

emergency commitment of the plaintiff, and were submitted to the court having jurisdiction in the premises.

Affirmed. Costs to appellees.

Dethmers, C. J., and Carr, Kelly, Black, Edwards, Kavanagh, and Souris, JJ., concurred.