BROMUND, Appellant, v. HOLT, Respondent.

*April 28—June 30, 1964.*

338

For the appellant there were briefs by *Joling & Schwartz, Robert J. Joling,* and *Jay Schwartz,* all of Kenosha, attorneys, and *Burton A. Scott* of Kenosha, and *Jack L. Sachs* of Chicago, Illinois, of counsel, and oral argument by *Robert J. Joling* and *Mr. Sachs.*

For the respondent there was a brief by *Wickham, Borgelt, Skogstad & Powell* of Milwaukee, attorneys, and *Edmund W. Powell* of Milwaukee, and *William A. Sheldon* of Kenosha, both of counsel, and oral argument by *Edmund W. Powell.*

FAIRCHILD, J.    Plaintiff contends that the evidence presented issues of fact for the jury both (1) whether Dr. Holt

was negligent and (2) whether such negligence was a substantial factor in bringing about harm to plaintiff. He contends, accordingly, that it was error to direct a verdict against him.

Defendant challenges the sufficiency of the evidence to establish either negligence or causation. In addition defendant asserts that as a matter of law there can be no recovery upon a negligence theory in this type of action.

The interest of plaintiff which has been invaded is his interest in freedom from unjustifiable criminal litigation. The basic question is whether that type of interest is protected against unintentional invasion. If so, and if negligence and causation are also present, a cause of action would exist.[1]

Plaintiff concedes that his action "is based upon a theory of negligence arising out of respondent's [Holt's] improper performance of the autopsy he had been hired to do." He argues that since Dr. Holt did not demur to the complaint, Dr. Holt cannot now challenge the legal sufficiency of a cause of action based simply on causal negligence. The complaint, however, alleged that Dr. Holt's acts "were unlawfully, wilfully, wantonly and maliciously done." Failure to demur thereto would not concede in any sense that a cause of action could be based on negligence alone. Moreover a defendant is not, by failure to demur, precluded from a challenge to the sufficiency of the evidence to establish a cause of action.[2] Defense counsel did raise this point in the trial court in support of his motion for a directed verdict.

In our view, defendant is correct in his contention that there can be no recovery here upon a negligence theory, and because that will dispose of the appeal, it is unnecessary to consider whether there was evidence of negligence and causation sufficient to present issues for the jury.

[1] Restatement, 2 Torts, p. 734, sec. 281.
[2] Sec. 263.12, Stats.

The gist of the asserted cause of action is that Dr. Holt communicated erroneous and invalid opinions to the coroner which were a substantial factor in bringing about the arrest and prosecution of plaintiff; that in forming and communicating those opinions, Dr. Holt failed to exercise the degree of care ordinarily exercised by pathologists.

The law, for reasons of policy, closely circumscribes the types of causes of action which may arise against those who participate in law-enforcement activity or in the functioning of the judicial system.

Some of the participants in judicial proceedings are clothed with virtually complete immunity from liability. Others are not liable unless they are shown to have acted with malice. If Dr. Holt falls in either class with respect to his participation in the prosecution of plaintiff, he sustained no liability upon the theory that his negligence caused an unjustifiable prosecution.

Judicial officers acting in the exercise of their jurisdiction are exempt from civil liability for malicious prosecution irrespective of the existence of malice or corrupt motives.[3] A public prosecutor acting in his official capacity is absolutely privileged to initiate or continue criminal proceedings.[4] Although there is authority to the contrary, the same immunity is, in general, extended to the police and other law-enforcement officers acting within the scope of their duties, with the possible exception of a situation where they themselves initiate the complaint or concoct false evidence.[5]

Witnesses are immune from civil liability for damages caused by false and malicious testimony, if relevant to the

[3] Annos. 173 A. L. R. 836, 837, 838, 28 A. L. R. (2d) 646, 648.
[4] Restatement, 3 Torts, pp. 392, 393, sec. 656, 118 A. L. R. 1450, 1451, 1452.
[5] Prosser, Law of Torts (3d ed.), Malicious Prosecution, pp. 852, 856, sec. 113; Anno. 28 A. L. R. (2d) 646, 649.

issues in the matter where the testimony is given.[6] Parties and counsel are immune from liability for relevant statements in pleadings and otherwise in the course of judicial proceedings.[7]

It has been held that physicians appointed to examine a person in connection with proceedings to determine sanity are quasi-judicial officers and immune from civil liability for actions within their jurisdiction.[8] Other courts have held that physicians in such cases are expert witnesses and have, on the theory of absolute privilege for relevant testimony, dismissed actions based on the physicians' certificates.[8a]

Where a defendant does not have the relationship to the judicial proceeding which will make him immune, he is still not held liable to the person who has been subjected to unjustifiable prosecution in the absence of malice.

"The interest in freedom from unjustifiable litigation receives protection in actions which, for want of a better name,

[6] *Calkins v. Sumner* (1860), 13 Wis. 215 (*193), 218–220 (*196, *197); *Schultz v. Strauss* (1906), 127 Wis. 325, 328, 106 N. W. 1066; *Keeley v. Great Northern R. Co.* (1914), 156 Wis. 181, 187, 145 N. W. 664.

[7] *Jennings v. Paine* (1855), 4 Wis. 372 (*358), 375 (*361); *Larkin v. Noonan* (1865), 19 Wis. 93 (*82), 99 (*88); *Keeley v. Great Northern R. Co., supra,* p. 187, footnote 6; *Schafer v. Suckle* (1963), 21 Wis. (2d) 425, 430, 431, 124 N. W. (2d) 577.

[8] Anno. 145 A. L. R. 711, 733; *Bartlett v. Weimer* (7th Cir. 1959), 268 Fed. (2d) 860, 862; *Duzynski v. Nosal* (7th Cir. 1963), 324 Fed. (2d) 924, 929; *Beckham v. Cline* (1942), 151 Fla. 481, 10 So. (2d) 419; *Linder v. Foster* (1940), 209 Minn. 43, 48, 295 N. W. 299.

[8a] *Bailey v. McGill* (1957), 247 N. C. 286, 100 S. E. (2d) 860; *Dyer v. Dyer* (1941), 178 Tenn. 234, 156 S. W. (2d) 445; *Fisher v. Payne* (1927), 93 Fla. 1085, 113 So. 378; *Springer v. Steiner* (1919), 91 Or. 100, 178 Pac. 592; *Dabkowski v. Davis* (1961), 364 Mich. 429, 111 N. W. (2d) 68; *Dunbar v. Greenlaw* (1956), 152 Me. 270, 128 Atl. (2d) 218; *Doyle v. Newill* (Pa. 1954), 17 Fayette Legal Journal, 123; *Mezullo v. Maletz* (1954), 331 Mass. 233, 118 N. E. (2d) 356; *Perkins v. Mitchell* (1860), 31 Barb. (N. Y.), 461; *Brandt v. Brandt* (1936), 286 Ill. App. 151, 3 N. E. (2d) 96.

have been called malicious prosecution and abuse of process. Obviously such an interest has much in common with that of reputation. It is evident, for example, that the institution of criminal proceedings by one individual against another amounts to a publication of the charge that he is guilty of the crime for which he is prosecuted; and that this is a form of publication which, above all others, is dangerous to the repute of the person so charged. In the first instance, therefore, such 'malicious prosecution' might well have been included as a branch of the law of defamation. There are at least three reasons why it has not been so included, and is regarded by the courts and by legal writers as a separate tort." [9]

Two of the elements essential to a cause of action for malicious prosecution are (1) that there was malice in instituting the proceedings and (2) want of probable cause therefor. [10] We have heretofore quoted with approval the statement by the supreme court of Colorado of the policy reason for denying a cause of action unless all the elements of malicious prosecution be proved:

"It is for the best interests of society that those who offend against the laws of the state shall be promptly punished, and that any citizen who has reasonable grounds to believe that the law has been violated shall have the right to cause the arrest of the person whom he honestly and in good faith believes to be the offender. For the purpose of protecting him in so doing, it is the generally established rule that if he has reasonable grounds for his belief, and acts thereon in good faith in causing the arrest, he shall not be subjected to damages merely because the accused is not convicted. The rule is founded on the grounds of public policy in order to encourage the exposure of crime." [11]

---

[9] Prosser, Law of Torts, *supra*, p. 852, footnote 5.

[10] *Pollock v. Vilter Mfg. Corp.* (1964), 23 Wis. (2d) 29, 37, 126 N. W. (2d) 602.

[11] *Montgomery Co. v. Pherson* (1954), 129 Colo. 502, 508, 272 Pac. (2d) 643; *Gladfelter v. Doemel* (1958), 2 Wis. (2d) 635, 640, 87 N. W. (2d) 490.

Where defendant has falsely informed a police officer that plaintiff had committed an offense, plaintiff may have a cause of action for slander under certain circumstances. Here, however, public policy protects the informer by according him a privilege, conditioned upon his good faith.[12] He is held liable only if he acted with malice.

There may be some question whether the absolute immunity or unconditional privilege should extend to all public employees who participate in law-enforcement activity in the course of their employment. Does public policy require that all police officers, all investigators, all those who make technical studies in aid of law enforcement be protected from having to defend themselves against claims that they acted maliciously as well as erroneously in causing prosecution which ultimately turned out to be unjustifiable? If such immunity extends to all persons in these classes, Dr. Holt would not be liable in this case even if malice were shown.

But even if a person employed by the public to assist in law enforcement, as was Dr. Holt, does not enjoy immunity, we conclude that the same considerations of public policy which require proof of malice as an element of an action for malicious prosecution or defamation under these circumstances must exclude liability founded upon mere negligence. In our opinion, the interest in freedom from unjustifiable criminal litigation is, as a matter of policy, not protected from unintentional tort.

Two cases which have come to our attention illustrate the points involved.

A Florida district court of appeals considered a case where a state beverage department enforcement agent negligently and mistakenly identified plaintiff as an offender, and thus caused him to be prosecuted. The court said:

---

[12] *Joseph v. Baars* (1910), 142 Wis. 390, 391, 392, 125 N. W. 913; *Otten v. Schutt* (1962), 15 Wis. (2d) 497, 503, 113 N. W. (2d) 152.

". . . We are convinced that there exists no cause of action like that alleged here and that there is no legally-recognized cause of action for improperly swearing out an arrest warrant other than the old common-law action of malicious prosecution. . . .

". . .

"The public policy aspects of our holding on this appeal are easily apparent. On the one hand, surely citizens should be given some protection against the irresponsible instituting against them of civil or criminal proceedings by other persons, even law enforcement officers. See Melvin v. Pence, 1942, 76 U. S. App. D. C. 154, 130 F. 2d 423, 143 A. L. R. 149. On the other hand, law enforcement and the protection of society from crime would likely be adversely affected if law enforcement agents were subject to liability in damages for simple negligence in the performance of their duties if the citizens they charge with crime should not be convicted. See Atkinson v. Birmingham, 1922, 44 R. I. 123, 116 A. 205, 36 A. L. R. 366. The requirement, established for generations, in malicious prosecution of the proof of malice and want of probable cause seems consistent with both of these considerations. In any event, no sufficient reason appears why this time-honored requirement in malicious prosecution should be now discarded in favor of an action of negligence, as here, for careless performance of duty and failure to make due inquiry, without a showing of malice and want of probable cause." [13]

The United States court of appeals, Eighth circuit, considered a case where the assistant city engineer, city building inspector, and fire inspector caused prosecution of plaintiff

---

[13] *Wilson v. O'Neal* (D. C. Fla. 1960), 118 So. (2d) 101, 104, 105. Certiorari dismissed by supreme court of Florida (1960), 118 So. (2d) 101. Annotated, 15 University of Miami Law Review, 101. And, see *Rogers v. Barbera* (1960), 170 Ohio St. 241, 164 N. E. (2d) 162; *Glidden Co. v. Laney* (1937), 234 Ala. 475, 175 So. 296; *Jenkins v. Gilligan* (1906), 131 Iowa 176, 108 N. W. 237; *Maxon v. Security Ins. Co.* (1963), 214 Cal. App. (2d) 603, 615, 616, 29 Cal. Rptr. 586; *Richter v. Neilson* (1936), 11 Cal. App. (2d) 503, 54 Pac. (2d) 54. Cf. *Owens v. Mench* (Pa. 1952), 24 Lehigh County Law Journal, 522, 81 D. & C. 314.

by making allegedly false affidavits, charging an offense. The court said:

"The established rule of law is that when a prosecution is instituted by public officers, acting within the scope of their official duties, it is against public policy to allow an action for malicious prosecution to be maintained against them on account of such official acts 'although probable cause be absent and malice be present in their enforcement of the law.'" [14]

In the case now before us we do not decide whether defendant Holt would be liable to plaintiff if the prosecution of plaintiff were caused by false representations maliciously made by Holt. We do decide, however, that Dr. Holt is not liable, assuming his opinions were merely negligently arrived at and caused the prosecution of plaintiff.

*By the Court.*—Judgment affirmed.

---

[14] *Springfield v. Carter* (8th Cir. 1949), 175 Fed. (2d) 914, 918.