OLEPA *v.* MAPLETOFF.

1. PHYSICIANS AND SURGEONS—IMMUNITY FROM LIABILITY—SANITY PROCEEDINGS.

Doctors who certify as to sanity of plaintiff which was basis for custodial order of municipal judge were acting under *color of law* and their action is privileged (CLS 1961, § 330.19).

2. SAME—OFFICIAL CAPACITY—IMMUNITY FROM LIABILITY—SANITY PROCEEDINGS.

Doctors who in their official capacity certify as to sanity of plaintiff in sanity proceedings had an unqualified privilege so as to be able to discharge their duties without fear of retaliation (CLS 1961, § 330.19).

3. JUDGES—COLOR OF LAW—IMMUNITY FROM LIABILITY—SANITY PROCEEDINGS.

Judge who committed plaintiff to a mental institution in a sanity proceeding was acting under the *color of law* in fulfilling the requirements of the statute and his actions were privileged (CLS 1961, § 330.19).

4. SAME—ACTIONS—IMMUNITY FROM LIABILITY—OFFICIAL CAPACITY.

No suits will lie against any judge for an act carried out in his official capacity.

5. SAME—ACTIONS—IMMUNITY FROM LIABILITY—OFFICIAL CAPACITY—GOOD FAITH—MALICE—COMMON LAW.

No action will lie against a judge for a judicial act, though it is alleged to have been done maliciously and corruptly.

6. SAME—IMMUNITY FROM LIABILITY—JUDICIAL ACT—PUBLIC POLICY—VEXATIOUS ACTIONS.

Common law principle that *no action will lie against a judge for a judicial act* was established in order to secure the independ-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur, Insane and Other Incompetent Persons § 38.
[2, 7, 8] 43 Am Jur, Public Officers § 272 *et seq.*
[3–6] 30A Am Jur, Judges § 73 *et seq.*

ence of the judges and prevent their being harassed by vexa-
tious actions.

7. APPEAL AND ERROR—PHYSICIANS—JUDGES—SANITY PROCEEDINGS—
SUMMARY JUDGMENT.
   Order granting summary judgment for defendant certifying doc-
   tors and committing judge is affirmed in action to recover
   damages allegedly sustained by plaintiffs during commitment
   to a mental hospital (CLS 1961, § 330.19).

8. OFFICERS—IMMUNITY FROM LIABILITY—COLOR OF LAW.
   The immunity from liability provided by the statute reflects the
   continued need for those acting under *color of law* to be allowed
   the immunity so necessary for proper disposition of their duties
   (CLS 1961, § 330.19).

Appeal from Wayne; Moynihan, Jr. (Joseph A.),
J. Submitted Division 1 January 6, 1966, at Detroit.
(Docket No. 394.)   Decided April 12, 1966.

Complaint by Walter L. Olepa and Richard L.
Olepa, by his next friend, Walter L. Olepa, against
Kenneth R. Mapletoff, Aloysius A. Church, Donald
C. Neitzel, individually and as municipal judge of
Southgate, and Jeanne L. Olepa for unlawful com-
mitment to a hospital as a mentally ill person. Sum-
mary judgment for defendants. Plaintiffs appeal.
Affirmed.

*Kenneth M. Davis,* for plaintiffs.

*Moll, Desenberg, Purdy, Glover & Bayer (Harold
B. Desenberg,* of counsel), for defendants Mapletoff
and Church.

*Donald C. Neitzel, in propria persona.*

LESINSKI, C. J.   Walter L. Olepa and Richard
Olepa, a minor, by his next friend, Walter L. Olepa,
are appealing a summary judgment granted in favor

of the defendants by the circuit court for the county of Wayne.

The plaintiff, Walter Olepa, alleges that he was taken into custody and held in Wayne County General Hospital from August 14 to August 22, 1962, upon an order issued by the defendant municipal judge Donald C. Neitzel pursuant to CLS 1961, § 330.19 (Stat Ann 1956 Rev § 14.809). Those charged in the suit were the plaintiffs' wife and mother who filed the petition for commitment, the two doctors who signed the certificate which was presented to the judge as the basis for the custodial order, and the judge who granted the petition.

From the granting of the summary judgment, pursuant to GCR 1963, 117.2, appeal was taken against all the defendants except Jeanne L. Olepa.

The basic question before this Court is whether the plaintiffs stated a claim upon which relief could be granted. This issue under the alleged facts of this case raises the vital question of liability of public officials and their agents for acts committed in their official capacity.

The legislature through CLS 1961, § 330.19 (Stat Ann 1956 Rev § 14.809) has empowered the courts that:

"Whenever it shall appear to a judge of any court of record, justice of the peace, or a police justice of any city or county where such person may be, upon evidence produced and from a certificate of 2 legally qualified physicians, to be necessary and essential to public safety so to do, said judge or police justice may authorize any superintendent of the poor or peace officer of said city or county to take into custody and cause to be removed to any hospital or other place of detention, any person believed to be mentally ill against whom no proceedings have been instituted under this act, and such person may be detained until such proceedings

as hereinafter provided shall be instituted in the probate court: Provided, That the period of such temporary detention shall not exceed 5 days, unless the probate court shall by special order enlarge the time: Provided further, That no person arrested under this act shall be confined in a jail or other lock-up unless such person manifests homicidal or other dangerous tendencies: Provided further, That any peace officer of this State with the approval of the prosecuting attorney, obtained within 24 hours of the taking into custody and confinement, is hereby authorized to take into temporary protective custody and confine for a period of not to exceed 48 hours, not counting Sundays and legal holidays, any person believed to be mentally ill manifesting homicidal or other dangerous tendencies; proceedings under this act; temporary or permanent, to be instituted by such peace officer within said 48 hour period, not counting Sundays and legal holidays."

Under this statute, the actions of the certifying doctors and the committing judge were privileged. They were each acting under "color of law" in fulfilling the requirements of the statute. The Michigan Supreme Court in *Dabkowski* v. *Davis* (1961), 364 Mich 429 was faced with a similar question. In *Dabkowski* the appellant charged the two certifying* doctors with assault and battery and false imprisonment. The lower court dismissed the action on motion of the defendant doctors, and on appeal the Supreme Court affirmed. The Court said at page 433:

"It is clear that the statements of opinion by the doctors in the certificates before us are absolutely privileged. They were submitted while a sanity

---

* Note that the doctors in *Dabkowski* were acting pursuant to CLS 1956, § 330.21 as amended by PA 1957, No 313 (Stat Ann 1959 Cum Supp § 14.811) which indicates a similar duty for the examining physician as CLS 1961, § 330.19 (Stat Ann 1956 Rev § 14.809).

proceeding of plaintiff was pending, related to the emergency commitment of the plaintiff, and were submitted to the court having jurisdiction in the premises."

Thus the Court found the doctors acting in their official capacity had an unqualified privilege so as to be able to discharge their duties without fear of retaliation.

The judicial privilege was reaffirmed in *Mundy* v. *McDonald* (1921), 216 Mich 444 (20 ALR 398) wherein the Court in an exhaustive study of judicial privilege reaffirmed the doctrine and aptly quoted at page 453 from the English case of *Fray* v. *Blackburn*, 3 B & S 576, wherein Justice Crompton stated (p 578):

" 'It is a principle of our law that no action will lie against a judge of one of the superior courts for a judicial act, though it be alleged to have been done maliciously and corruptly; therefore the proposed allegation would not make the declaration good. The public are deeply interested in this rule, which, indeed, exists for their benefit, and was established in order to secure the independence of the judges and prevent their being harassed by vexatious actions.' "

It is this agelong policy, as old as the English common law, that prevents any suit against Judge Neitzel for an act carried out in his official capacity.

This theory of immunity from liability for action taken in regards to CLS 1961, § 330.19 (Stat Ann 1956 Rev § 14.809) is substantiated in *Kenney* v. *Fox* (WD Mich, 1955), 132 F Supp 305, affirmed (CA 6), 232 F2d 288; *Kenney* v. *Hatfield* (WD Mich, 1955), 132 F Supp 814, affirmed (CA 6) 232 F2d 288, cert denied 352 US 856 (77 S Ct 84, 1 L ed 2d 66); and *Kenney* v. *Killian* (WD Mich, 1955), 133 F Supp 571, affirmed (CA 6) 232 F2d 288,

cert denied 352 US 855 (77 S Ct 84, 1 L ed 2d 66). Though these cases are based on a Federal theory of deprivation of rights, they do reflect in their interpretation the continued need for those acting under color of law to be allowed the immunity so necessary for proper disposition of their duties.

It is therefore the decision of this Court that the summary judgment was properly granted in favor of all the appellees herein.

Affirmed, costs to appellees.

T. G. KAVANAGH and QUINN, JJ., concurred.