Ralph J. and Thomas B.
BROWN, Appellants,

v.

MONTICELLO STATE BANK OF
MONTICELLO, IOWA, Appellee.

No. 83–1116.

Supreme Court of Iowa.

Dec. 19, 1984.

Rehearing Denied Jan. 10, 1985.

Michael A. Stapleton, Dubuque, for appellants.

Robert C. Tilden and Iris E. Muchmore, of Simmons, Perrine, Albright & Ellwood, Cedar Rapids, for appellee.

Considered by REYNOLDSON, C.J., and McCORMICK, LARSON, SCHULTZ, and WOLLE, JJ.

SCHULTZ, Justice.

This appeal represents the second appeal arising from claims made by Ralph J. Brown and Thomas B. Brown against the Monticello State Bank. The Browns are cousins and residuary legatees under the will of decedent Howard B. Brady. The bank was conservator for Brady and acted as the executor of his estate in Jones County. In an earlier appeal, we consolidated several contested proceedings involving the same parties which arose from orders in the conservatorship and Brady's estate. *In re Estate of Brady*, 308 N.W.2d 68 (Iowa 1981). This appeal arises from the Browns' tort action which, in the recast petition, contains four separate counts charging the bank in its individual, rather than representative, capacity with malfeasance in its activities as a fiduciary in the Brady matters. Following district court rulings that granted the bank's motion for summary judgment on three of the four counts, we granted the Browns' application for interlocutory review.

In *Brady* we described Brady's activities prior to his death that led to litigation between the present parties in both Iowa and Wisconsin concerning the execution of his wills and his legal residence. 308 N.W.2d at 69–70. We will summarize the litigation. The bank, conservator of Brady in Jones County, Iowa, until his death, initiated the probate of decedent's will dated December 1974 in Jones County and was named coexecutor with Thomas B. Brown.

The Browns initiated the probate of decedent's will dated March 1975 in Wisconsin and were named as coexecutors. The bank intervened in the Wisconsin estate proceedings, challenging decedent's residency in Wisconsin and the validity of the 1975 will. The Wisconsin court found decedent to be a Wisconsin resident at his death. Before the validity of the will was tried, the bank dismissed its petition of intervention. Later, the bank brought a declaratory judgment action in Jones County, again raising the issues of residency and the validity of the 1975 will. As a result of this action, the 1975 will prevailed; however, decedent's residency was established in Jones County. The 1975 will finally was probated in Jones County.

The result of this litigation did not solve the parties' differences, however. One group of contested proceedings traveled through the probate forum and culminated in our decision in *Brady*. In the meantime, in 1978, the Browns brought the present civil action, separate from the probate proceeding, against the bank. After amendments, this petition contained seven counts; however, three of the counts were transferred to the probate proceedings. The Browns recast their petition into four counts. Three counts succumbed to summary judgment motions by the bank. Count II is pending in the district court. Counts I and III alleged maladministration by the bank in its capacity as conservator and administrator and were dismissed by Judge Robert E. Ford. Later, count IV, a malicious prosecution action, was dismissed by Judge Paul J. Kilberg.

In this appeal, the Browns contest both rulings, generally urging that the court incorrectly applied the principles of issue preclusion. First, we will review the principles of summary judgment and issue preclusion; then we will address the rulings concerning the dismissed counts of maladministration and malicious prosecution.

■ Summary judgment is only proper when there is no genuine issue of fact and the moving party is entitled to judgment as

a matter of law. Iowa R.Civ.P. 237(c). If, under the entire record, the only conflict concerns the legal consequences flowing from undisputed facts, entry of summary judgment is proper. *Jacobs v. Stover*, 243 N.W.2d 642, 643 (Iowa 1976). The moving party must show that he is entitled to judgment on the merits as a matter of law. *Drainage District No. 119 v. Incorporated City of Spencer*, 268 N.W.2d 493, 499 (Iowa 1978). Our task on review is to determine whether a genuine issue of fact exists and whether the law was applied correctly. *Id.* at 500.

Both parties agree that there are four prerequisites to the application of the doctrine of issue preclusion. *Hunter v. City of Des Moines*, 300 N.W.2d 121, 125 (Iowa 1981); *Mauer v. Rohde*, 257 N.W.2d 489, 497 (Iowa 1977). These prerequisites are as follows:

(1) The issue concluded must be identical.

(2) The issue must have been raised and litigated in the prior action.

(3) The issue must have been material and relevant to the disposition of the prior action, and

(4) The determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

*Mauer*, 257 N.W.2d at 497 (citations omitted).

*I. Maladministration.* On appeal, the parties' initial quarrel is centered on the court's reliance on issue preclusion in dismissing counts I and III. In both counts the Browns allege maladministration by the bank in its fiduciary capacity. In count I they seek compensation for their emotional injuries, and in count III they request special damages arising out of their own farming operation. The court determined that the same issues and claims of maladministration were litigated in the probate proceedings and held the Browns were precluded from relitigating those issues that previously had been decided adversely to them.

*A. Matters litigated in probate.* The Browns contend that their contest of the bank's final reports, which was undertaken in their capacity as successor-executor, should not preclude this litigation concerning the bank's alleged wrongful actions as fiduciary. These claims concerning the bank's alleged improper performance of certain duties in its fiduciary capacity were detailed in the probate files and repeated in the briefs by reference to those files. The objections were overruled in the probate proceedings, and those rulings were affirmed in *Brady*. We do not agree with the Browns' contention.

We conclude the trial court correctly used issue preclusion to eliminate the relitigation of claims made and rejected in the probate proceedings. The Browns filed their objections to the final reports in their fiduciary capacity, but they were given notice of these reports in their individual capacity and had an opportunity to make the same objections. Although the Browns seek different damages, their claim of misconduct is the same. All four requirements of issue preclusion have been met, and the Browns are precluded from relitigating the same claims.

*B. Litigation concerning the validity of the 1975 will.* The remaining allegation of wrongdoing found in counts I and III concerns the bank's actions in probating the 1974 will, then challenging the validity of the 1975 will in Wisconsin and Iowa. The bank asserts that the trial court correctly applied issue preclusion to these claims, since the final report was approved by a court order which was affirmed by this court in *Brady*. The Browns assert that the issues are not identical to those affirmed in *Brady*. In *Brady* we determined that no legitimate estate interest was served by the declaratory judgment action, 308 N.W.2d at 72; thus, the Browns claim this "issue is alive and forms the *keystone* of the Browns' suit against the bank."

We agree that the Browns have had their day in court concerning all the issues and

have lost, with the exception of the Jones County declaratory judgment action. The Browns conclude the bank's litigation in the declaratory judgment action was one of many wrongful acts during the administration. They charge the bank with malice and willfulness, in substance the same claims made in count IV, the Browns' malicious prosecution action. Without the charge of malice, no action would lie against the bank for maladministration in bringing an action to determine the validity of a subsequent will. We hold that these claims properly belong in count IV in which the Browns clearly charged the bank with malicious litigation arising out of the same actions. Consequently, we hold the trial court correctly dismissed this count. We do not deprive the Browns of their day in court; they may litigate this issue in count IV. We further grant the right to timely amend count IV to include any claims based on malicious litigation that are not included in that count, but are included in counts I and III.

*II. Malicious prosecution.* Two issues originate from the Browns' claims of malicious prosecution which are contained in count IV. The first issue originates from the allegation that the bank wrongfully brought a declaratory judgment action in Iowa. While the Browns concede that an element of malicious prosecution is the termination of the prior litigation favorable to them, they urge this only requires success on the portion of the suit that serves as a source for their malicious prosecution action and does not require a successful result on an incidental and peripheral issue. The second issue arises out of their allegation that the bank wrongfully acted by intervening in the Wisconsin probate proceedings. They maintain our holding in *Brady,* that the bank acted in good faith and for cause in its intervention in the Wisconsin proceedings, did not preclude their action for malicious prosecution predicated on the bank's intervention. We shall discuss these issues separately.

*A. Iowa declaratory judgment action.* One of the Browns' claims of malicious prosecution in count IV is based on the bank's declaratory judgment action in Jones County. In the prior action, the bank sought a judgment declaring two facts: (1) decedent was a resident of Iowa when he died; and (2) his will dated March 1975 was invalid on two grounds, testamentary capacity and undue influence. The Browns appeared and resisted. When the matter was submitted, the jury returned three special verdicts reflecting that: (1) decedent was a resident of Iowa; (2) decedent had testamentary capacity at the time of the execution of the March will; and (3) the will was not procured by undue influence. As a result, the March 1975 will was probated in Jones County.

The bank sought summary judgment on the malicious prosecution action. The trial court removed the Jones County litigation as a component of the alleged malicious prosecution because the Browns had not been entirely successful in defending the prior action; they had lost on the residency issue. The court stated, "The present plaintiff must establish that he prevailed absolutely, across the board, in the prior action."

In *Mills County State Bank v. Roure,* 291 N.W.2d 1, 3 (Iowa 1980), we set out the basis for an action for malicious prosecution and enumerated the six elements of the cause of action which we need not repeat. One of these elements is that the previous proceeding must have been terminated in favor of the plaintiff. *Id.*

The parties do not dispute the requirement that the plaintiffs must prove success in the prior litigation. The disputed issue concerns the extent the court may examine the details of the previous action to determine whether the plaintiff was successful in that action. The bank maintains that success should be determined by looking at the final judgment. If the plaintiff in that action prevailed on any part of the final judgment, an action for malicious prosecution should not lie. The Browns, on the other hand, assert they do not need total victory; thus, it is proper for this court to examine the prior litigation. The litigation

was instituted primarily to determine which will was valid. An examination of the previous action will show that the question of the residency of decedent is not an integral or necessary part of the action to determine which of decedent's two wills constituted the last valid will. Since the issue of residency does not affect the estate, the Browns assert it is of no significance to the administration of the estate and is of no benefit to the estate.

We cannot agree with the restrictive position of the bank that we should consider only the final judgment in determining whether the present plaintiff was totally successful. This position ignores the fact that our rules of procedure allow pleadings that combine separate and distinct causes of action. "A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or equitable grounds." Iowa R.Civ.P. 69(b)(2). In this case we have separate and distinct causes of action, rather than alternate theories of recovery for one cause of action which are alleged in separate counts.

 When an action for malicious prosecution is based on defendant's prior commencement of several similar but separate wrongful suits, the success of the defendant on one or more of these suits will only preclude the plaintiff on those suits decided adversely to the plaintiff; the cause of action remains intact on those suits that plaintiff won. *See Nagy v. McBurney,* 120 R.I. 925, 932–33, 392 A.2d 365, 369 (1978). Logic dictates that the same rule should apply to a single action which contains multiple causes of action that are separate and distinct from each other. We adopt the rule that, in those instances in which a plaintiff in a malicious litigation action was a defendant in a prior action containing more than one separate and distinct cause of action, such plaintiff need only show a successful result on the separate cause of action which serves as a basis for the malicious prosecution action. Such plaintiff's damages would be restrict-

ed to the loss caused by the suit in which he was successful, however.

An additional reason supports this result. The obvious purposes of an action for malicious prosecution are to provide compensation for wrongful initiation of an unsuccessful civil or criminal proceeding brought with malice and without probable cause and to deter such wrongful conduct. The perpetrator of a malicious suit should not be able to avoid the consequences by the device of adding an innocuous additional count that has merit. Stated otherwise, a person who holds a good cause of action against a party should not be allowed to join an additional malicious suit without penalty.

The Browns claim the residence issue is not an intregal part of the alleged malicious litigation. The gist of the present litigation supports this claim. Count IV of the Browns' complaint of malicious prosecution is centered on the bank's challenges to the March 1975 will; the bank's activities that were directed toward establishing that decedent was a resident of Iowa were not mentioned. The lack of complaint concerning the bank's litigation of the residence issue does not completely answer the question, however, because the questions of residence and validity may be interrelated. We need to examine the earlier litigation and the applicable legal principles.

It is apparent that the issues of residence and the validity of the will were treated as separate issues in both Wisconsin and Iowa. Only the residency issue was tried in Wisconsin before the bank's dismissal of its action. In Iowa the issues were submitted to the jury by separate verdict forms.

 An examination of our probate code and case law indicates that residency has no direct consequence on the issue of the validity of a will. The district court sitting in probate has jurisdiction of the probate and contest of wills. Iowa Code § 633.10(1) (1983). Such court of each county has exclusive jurisdiction to administer the estate of persons who are residents of the county and of nonresidents of

the state who have property or who die leaving property in the county subject to administration. Iowa Code § 633.12 (1983). A will of a nonresident of the state may be probated in the county where real or personal property of the deceased is located, whether or not the will is admitted in another state. Iowa Code §§ 633.495, 633.496 (1983). We held in *In re Estate of Barrie*, 240 Iowa 431, 436, 35 N.W.2d 658, 661 (1949), that the Iowa courts are free to determine the validity of the will of a nonresident of the state who dies owning real estate within the state regardless of the ruling of the domicile state. While the matter of residency determines the county of probate and may have some importance concerning the payment of inheritance tax, *see* Iowa Code § 450.2 (1983), decedent's residency is a matter separate and unrelated to the validity of his will.

In summary, we hold that the bank's success on the issue of decedent's residency does not prevent the Browns from bringing malicious prosecution claims centered on the bank's activities concerning the validity of the March 1975 will. The trial court erred in requiring the Browns to show they were successful on this issue. We do not decide what effect, if any, the bank's success on the residency claim has on the Browns' damages if they are successful in their present suit. The facts have not been developed sufficiently to show whether the Browns' resistance to the residency issue contributed to or caused these damages. The portion of the trial court's ruling which removed the Jones County litigation as a component of the alleged malicious prosecution is reversed.

*B. Wisconsin intervention.* The trial court, by ruling on the summary judgment motion, also eliminated the bank's intervention in Wisconsin as a ground in the Browns' malicious prosecution action. The court reasoned that the issue of the bank's good faith in bringing the intervention was litigated and decided in *Brady*, precluding the Browns' relitigation of this issue in the malicious prosecution action. Thus, the trial court determined that the earlier finding

that the bank acted in good faith prevented the Browns from showing that the bank acted with malice as a matter of law.

As previously indicated, the parties do not question the general principles of issue preclusion in Iowa. The dispute of the parties centers on the Browns' contention that the issues concerning good faith and just cause that were determined in *Brady* pursuant to Iowa Code section 633.315 are not identical to the question of malice and lack of probable cause in a malicious prosecution suit.

The Browns concede that, as a necessary element of their malicious prosecution action, they must show the bank's malice in the instigation of the prior suit, in this case the intervention in Wisconsin. "Malice means any wrongful act which has been wilfully and purposely done to the injury of another." *Sergeant v. Watson Brothers Transportation Co.*, 244 Iowa 185, 193, 52 N.W.2d 86, 91 (1952). There must be an improper purpose or motive. *Wilson v. Lapham*, 196 Iowa 745, 749, 195 N.W. 235, 237 (Iowa 1923). Malice may be actual, or it may be inferred from a want of probable cause. *Sergeant*, 244 Iowa at 193, 52 N.W.2d at 91. "Malice is distinguishable from mere negligence in that it arises from some purpose, while negligence arises from absence of purpose." *Jenkins v. Gilligan*, 131 Iowa 176, 179, 108 N.W. 237, 238 (1906). Probable cause for a civil action is knowledge of a state of facts which would lead a person of ordinary caution and prudence, acting conscientiously, impartially, reasonably, and without prejudice, to believe that the suit is justified. *Davis v. Rudolph*, 243 Iowa 744, 749, 52 N.W.2d 15, 18 (1952).

In *Brady* we held that the bank was entitled to compensation for its intervention in Wisconsin. 308 N.W.2d at 72. Section 633.315 conditions such allowance on a showing that the executor prosecuted the action "in good faith and with just cause." In our de novo review of the record in *Brady*, we determined that the bank established its burden to demonstrate good faith

and just cause for its intervention. 308 N.W.2d at 72. We did not define good faith in *Brady*, but indicated that it is ordinarily a question of fact. *Id.* at 71. Requiring a personal representative seeking fees to act in good faith and with just cause places on the representative the burden to show an honest intention and that, under the state of facts, a reasonably prudent and cautious representative would have commenced the action. Concerning the intervention, we found the bank acted with a legitimate concern about the genuineness of the 1975 will. *Id.* at 72. We reviewed the interest of the legatees in the will and the bank's information about decedent's capacity at the time of the execution of the March will and found that the bank acted reasonably in its limited intervention in Wisconsin. *Id.* at 73.

The Browns insist the requirement of good faith and just cause found in section 633.315 is a restricted concept that relates to the pursuit of a legitimate estate interest and is dissimilar to the requirement of malice and lack of probable cause in a malicious prosecution. It is true that we require the fiduciary to show that the litigation promotes a substantial estate interest. *Brady*, 308 N.W.2d at 73; *In re Estate of Cory*, 184 N.W.2d 693, 698–99 (Iowa 1971). If the factor concerning the estate's economic interest is a consideration that is normally not present in a determination of good or just cause for the instigation of a suit, we do not believe that the Browns can complain. At most this would be an additional factor that must be shown in a request for fees. Otherwise, we believe that the probable cause which prevents recovery in a malicious prosecution action and the just cause required for the allowance of fees are identical issues. Thus, the finding of just cause for the allowance of fees negates a finding of inferred malice from lack of probable cause. Since malice cannot be inferred, actual malice must be shown, requiring proof that the actor acted in bad faith by instigating proceedings willfully and purposely to injure another. The finding of good faith for the allowance of fees necessarily includes a

finding that the bank did not act in bad faith. We conclude the trial court correctly applied principles of issue preclusion.

*III. Disposition.* We reverse the trial court ruling dismissing the malicious prosecution action in count IV as it pertains to the declaratory judgment action in Jones County. All other rulings are affirmed.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.